**VICTOR D. NELSON v. EVELYN McMILLAN, joined by her husband, ROY McMILLAN.**

10 So. (2nd) 565                    En Banc
November 17, 1942      Rehearing Denied December 14, 1942

848

Lee Guest, for appellant.

G. P. Garrett, for appellees.

WHITFIELD, J.:

This appeal is from a judgment awarding damages for personal injuries to a guest of defendant sustained in an automobile collision at a street intersection.

Section 1, Chapter 18033, Acts of 1937, provides:

"That no person, transported by the owner or operator of a motor vehicle as his guest or passenger, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful and wanton misconduct was the proximate cause of the injury, death or loss for which the action is brought, provided that the question or issue of negligence, gross negligence, and wilfull or wanton misconduct, and the question of proximate cause, and the issue or question of assumed risk, shall in all such cases be solely for the jury. Provided that nothing in this Act shall apply to school children or other students being transported to or from schools or places of learning in this State." Sec.

1296 (a) 1940 Supp. to C.G.L., Sec. 320.59 Florida Statutes 1941.

The injury here sought to be remedied March 16, 1940, after the above quoted statute became effective. See Pickett v. Matthews, 238 Ala. 542, 192 So. 261; O'Reilly v. Sattler, 141 Fla. 770, 193 So. 817; Winthrop v. Carinhas, 142 Fla. 588, 195 So. 399; Jackson v. Edwards, 144 Fla. 187, 197 So. 833; Koger v. Hollahan, 144 Fla. 779, 198 So. 685, 131 A.L.R. 886; Hollander v. Davis, 120 Fed. (2nd) 131.

The so-called "guest" statutes are designed to relieve owners and operators of automobiles of the consequences of ordinary negligence causing injury to their guests in automobile traveling on the public highways. When operating prospectively such statutes are generally sustained as a reasonable exercise of the sovereign police power of the State to conserve human life and safety, when a guest is not deprived of all remedy for a justiciable injury. See 5 Am. Jur. pp. 633 et seq., and authorities cited.

The statute provides that "the question or issue of negligence, gross negligence, and wilful or wanton misconduct, and the question of proximate cause, and the issue or question of assumed risk, shall in all cases be solely for the jury."

The quoted provision should be given its full scope and force as a legislative enactment; but the Constitution forbids the legislative department of the government to "exercise any powers appertaining to" the judicial department, and vice versa, Article II; and the statutory provision should be so interpreted as to be in accord with, and not conflict with, the Constitution. Jury verdicts are not final as against authorized judicial review.

A trial jury, duly constituted, is an adjunct of the judicial department. Within its authority to render a verdict in a trial in court upon evidence adduced under the law as given by the court, the function of the jury is *exclusive in determining facts* within the issues being tried; but under the law the validity of the verdict rendered is to be determined by the court and is subject to authorized judicial review, to the end that "right and justice shall be administered by due course of law." Sec. 4, Declaration of Rights, Florida Constitution. On appeal from a' final judgment the verdict of the jury and the judgment of the trial court thereon will be given due consideration and weight in determining the correctness of the judgment, yet this Court exercises its judicial power of appellate review under the Constitution and renders its appropriate judgment as required by law. Sec. 4637 (2918) C.G.L., Sec. 59.34 Florida Statutes 1941.

The trial judge granted a new trial predicated upon his opinion as' to the legal sufficiency of the evidence to sustain the verdict. On writ of error to the order granting a new trial, this Court affirmed the order upon the theory that there was no abuse of judicial discretion in granting a new trial, though the evidence *tended* to sustain the verdict. This was due course of law, leaving the issue to be tried anew, the verdict thereon being subject to review by the trial court on a motion for new trial. The court rendered judgment on the verdict as returned, stating that he did not regard the evidence as sufficient, but construed the former opinion of this Court in the case as requiring an approval of the verdict. This Court now acts upon the judgment rendered and exercises its constitutional judicial power in determining whether the evidence

as contained in the present record is in law sufficient to sustain the verdict and judgment, giving due consideration to the verdict of the jury and the opinion of the trial court thereon.

"Gross negligence" is alleged and the facts stated as constituting such gross negligence are: "at an intersection of a street called Grand Avenue and a busy arterial highway called the Orange Blossom Trail, the said Victor D. Nelson drove his automobile into said busy arterial highway without stopping when commanded to do so by an appropriate stop sign and failed to look for oncoming traffic along said highway and proceeded to drive his automobile across said highway and there thereby caused his automobile to collide with another car, and thereby plaintiff, who was then and there riding in defendant's said automobile as a guest, was injured . . ."

The evidence shows that the defendant was the driver of the automobile, with his wife on his right and plaintiff on her right, all on the front seat, while plaintiff's son was on the rear seat. Just before defendant's car going west on a twenty-foot road approached the forty-foot arterial highway intersection, defendant slowed down but did not stop. After a truck going south on the arterial highway had passed, defendant was proceeding to enter and cross the intersection when his car was struck by a rapid moving automobile going south on the west traffic lane of the forty-foot arterial highway. Plaintiff was injured by the collision.

Defendant testified that he looked north and south before entering the intersection and saw no cars approaching. However there was no hindering obstruction of defendant's view for some distance up

and down the highway at least twenty feet before he entered the intersection and while he was driving slowly but did not stop before entering the intersection though he saw the stop sign. The circumstances indicate that defendant failed to exercise due and reasonable care to look north on the highway before and after entering the intersection when he had his car under control upon entering the intersection to cross the forty-foot highway. The defendant knew of the crossing, and the passing of the truck as defendant's car approached the highway should have increased his care rather than permitting his attention to be diverted as it appears he did at a time when the safety of human lives depended on the exercise by him of all the care and diligence reasonably required by law under the conditions and immediate demands of the occasion.

At a former trial on the plea of not guilty, the jury rendered a verdict for the plaintiff in $2,350.00. The trial court by order granted a new trial, the presiding judge being of the opinion that the evidence did not prove "gross negligence." Writ of error was taken to the order under the statute, Section 4615 (2905) C.G.L., Section 59.04 Florida Statutes 1941. This Court affirmed the order granting a new trial and in the opinion stated:

"After a careful consideration of the record, we cannot say that the preponderance of the evidence appears to sustain the allegation of gross negligence and, therefore, the record does not show an abuse of the trial judge's discretion. There was evidence, however, though not a preponderance thereof, which tended to show that the defendant was guilty at the time and place of the accident of gross negligence and

that that gross negligence was the proximate cause of the injury. This does not meet the rule above stated so as to require this Court to reverse the judgment of the Circuit Court." McMillan v. Nelson, 149 Fla. 334, 5 So. (2nd) 867.

In effect such holding was that the trial judge did not abuse his discretion in granting a new trial though the evidence did tend to show gross negligence. On remand the issues were submitted to another jury and some additional evidence was adduced. A verdict for $7,000.00 was returned and judgment rendered thereon.

In denying a motion for a new trial the Judge stated: "after consideration of the question of Gross Negligence, I consider the evidence insufficient to establish same, but the proof was substantially the same as in the former trial, and in the light of the opinion in the appeal to the Supreme Court, I have concluded that the finding of the jury of the presence of gross negligence should be upheld by the Trial Court."

On appeal from the judgment for $7,000.00 it is in effect contended that the evidence is substantially the same as on the former trial which was considered insufficient by the trial judge, and that the evidence on the last trial was likewise insufficient to prove gross negligence.

Section 4637 (2918) C.G.L., 59.34 Florida Statutes 1941, provides that "It shall be the duty of the court on an appeal or writ of error to examine the record, to reverse or affirm the judgment, sentence or decree of the court below, or to give such judgment, sentence or decree as the court below ought to have given, or as to it may appear according to law."

No material errors are shown in admitting in evidence photographs of the locus in quo, since it was explained that changes had been made in the terrain and it clearly appears that no harm could reasonably have resulted from such admission in evidence. Obstacles did not impede defendant's view of the highway in either direction before the intersection was reached by his car.

Upon full consideration the conclusion is well founded in the record that there is substantial evidence that is legally sufficient to support a second verdict that gross negligence of the defendant was the proximate cause of the injury alleged, which establishes defendant's liability. But on the whole record there is ample support for the opinion and judgment that under all the circumstances the amount of the verdict is excessive. If the plaintiff within thirty days remits $2,000.00, the judgment will stand affirmed for the balance. Otherwise a new trial will be granted.

It is so ordered.

TERRELL, BUFORD, CHAPMAN, THOMAS, and ADAMS, JJ., concur.

BROWN, C. J., dissents.

BROWN, C. J., dissenting:

This court has held that, as used in this statute, the words "gross negligence" are synonymous with the words "wilful and wanton misconduct." I do not think the evidence in this case shows wilful and wanton misconduct and, therefore, it cannot show gross negligence. See Comier v. Williams, 148 Fla. 201; 4 So. (2nd) 525.