89 So.2d 241 (1956)
Irene C. BRAILSFORD, Appellant,
v.
George O. CAMPBELL, sometimes known as Gerry Ora Campbell, Appellee.
Supreme Court of Florida. En Banc.
March 7, 1956.
Rehearing Denied May 8, 1956.
Burns, Middleton, Rogers & Farrell, West Palm Beach, for appellant.
Earnest, Lewis, Smith & Jones, West Palm Beach, and Mabry, Reaves, Carlton, Fields & Ward, Tampa, for appellee.
ROBERTS, Justice.
This is an appeal by plaintiff from an adverse verdict and judgment entered in a wrongful death action instituted by her to recover damages, under Section 768.03, Fla. Stat. 1953, F.S.A., for the death of her minor son, aged 18. The boy was killed when the car in which he was riding as a guest passenger, and being driven by the defendant, aged 22, ran off the road and crashed into a tree. The plaintiff brought her complaint in two counts: one for simple negligence and one for gross negligence. The trial judge, upon the motion of defendant, dismissed the count for simple negligence on the ground that the so-called Guest Statute, Section 320.59, Fla. Stat. 1953, F.S.A., was applicable to her suit, thus barring a claim based on simple negligence. The cause was tried on the charge of gross negligence and the defense of contributory negligence and, as noted, the jury found in favor of the defendant. Motion for new trial was denied, judgment was entered for defendant, and this appeal by plaintiff followed.
*242 The principal point for determination here is whether the Guest Statute is applicable to an action by a parent under Section 768.03 for the wrongful death of his or her minor child. This point has not heretofore been decided by this court.
Historically, our Wrongful Death Acts, Sections 768.01-768.03, Fla. Stat. 1953, F.S.A., antedate by many years our Guest Statute. Our first Wrongful Death Act was enacted by Chapter 3439, Acts of 1883, and now appears as Sections 768.01 and 768.02 of our statutes. It created in the named beneficiaries, in the order named, a right of action for the wrongful death of their decedent and specifically provided as a condition of suit that the wrongful act or negligence resulting in death must be such "as would, if the death had not ensued, have entitled the party injured thereby to maintain an action * * * and to recover damages in respect thereof * * *." Under this first Wrongful Death Act, a parent had no right of action for the wrongful death of a child unless he or she was dependent upon such child for support; and, if not dependent, the parents could recover only indirectly as the heirs or devisees of the deceased minor child in a suit for wrongful death brought by the administrator of the child's estate. Seaboard Air Line Ry. v. Moseley, 60 Fla. 186, 53 So. 718. The second Wrongful Death Act was enacted in 1899, by Chapter 4722, and gave the parent a right to sue directly for the loss of the child's services during his minority and for damages for the pain and suffering of the parents caused by the child's death. This Act, as amended in 1913, now appears as Section 768.03, Fla. Stat. 1953, F.S.A., and is the Act under which the instant suit was brought. It did not contain the proviso of the earlier Act, quoted above (hereinafter referred to as "the proviso"), requiring that the wrongful act must be such as would have given the injured person, had he lived, a right to recover damages from the tortfeasor.
Our Guest Statute, Section 320.59, was not enacted until 1937, by Chapter 18033, Laws of Florida, Acts of 1937. This statute says that "No person transported by the owner or operator of a motor vehicle as his guest or passenger, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or willful and wanton misconduct of the owner or operator of such motor vehicle * * * provided that nothing in this section shall apply to school children or other students being transported to or from schools or places of learning in this state."
Plaintiff concedes that the Guest Statute is applicable to a wrongful death action brought under Sections 768.01-768.02 for the death of a guest passenger  and this would presumably be true in a suit by a dependent parent for the death of his minor child while a guest passenger, brought under such sections. It is contended, however, that this is true only because of the proviso of Section 768.01, quoted above. It is further contended that the Guest Statute applies only to actions by the injured guest or to actions after death that are derivative from that held by the injured guest during his life; and that since Section 768.03 does not contain the proviso appearing in Section 768.01 and since wrongful death actions are not derivative actions, the Guest Statute cannot be applied to an action brought under Section 768.03. This contention cannot be sustained.
It is true that wrongful death actions are not "derivative" in the sense used by plaintiff. Such actions are "an entirely new right, for the recovery of damages suffered by [the named beneficiaries], not the decedent, as a consequence of the wrongful invasion of their legal right by the tort-feasor." Ake v. Birnbaum, 156 Fla. 735, 25 So.2d 213, 221. But we do not construe the Guest Statute *243 as applying only to actions by the injured guest or to "derivative" actions such as those brought by the personal representative of a deceased person under Section 45.11, Fla. Stat. 1953, F.S.A., the so-called Survival Statute. The Guest Statute in express terms applies to "a cause of action for damages * * * for injury, death or loss * * *." (Emphasis added.) A suit by the personal representative under Section 45.11, supra, is not a cause of action for death  it is a suit to recover on behalf of the decedent's estate the damages sustained by the deceased during his lifetime because of his injuries. Ake v. Birnbaum, supra, 25 So.2d 213; Ellis v. Brown, Fla. 1955, 77 So.2d 845. Guest statutes were designed to relieve owners and operators of automobiles of the consequences of ordinary negligence to guest passengers. Nelson v. McMillan, 151 Fla. 847, 10 So.2d 565. And while the Legislature ineptly referred to the "person transported" in the opening phrase of the Statute, it expressly referred to "a cause of action * * * for * * * death" in the body of the Statute; and when construed as a whole, in the light of the legislative intent, we have no doubt that it was intended to apply to actions for wrongful death as well as to actions by the injured guest, or his personal representative, for the injuries suffered by the guest himself. It was also clearly intended to apply to actions for "injury, death or loss" involving a minor child who is a guest passenger, since it specifically excepted from its provisions "school children * * * being transported to or from schools * *" and thus, by implication, includes within its terms all other minor children.
Our conclusion in this respect is supported by the fact that the interpretation here contended for by plaintiff would lead to the unjust result that a dependent parent, suing under Section 768.01 for the death of his minor child, would be required to prove gross negligence against the defendant, whereas this same dependent parent, suing under Section 768.03, would be required to prove only simple negligence. Other anamolous situations could be hypothesized under plaintiff's interpretation of the Statute. In the absence of a clear legislative mandate, we will not construe a statute to lead to such a manifestly unjust result.
It might also be noted that, even though Section 768.03 did not contain the proviso relating to the quality of the conduct of the tortfeasor specifically expressed in Section 768.01, quoted above, the courts of other jurisdictions have generally held that actions for wrongful death are subject to this limitation, even though not expressly imposed by the statute. 16 Am.Jur., Death, Section 82, p. 61, and the many cases cited in the footnote. This court has impliedly so held, if not expressly. In Rehe v. Airport U-Drive, Inc., Fla. 1953, 63 So.2d 66, involving an action by the father, as parent, under Section 768.03 and another action by him, as administrator of his minor child's estate, under Section 768.01, it was held, in effect, that both suits depended upon the existence of a primary right of recovery in the decedent, so that a verdict and judgment for the defendant in the suit brought by the father, as parent, estopped the father from proceeding against the defendant in his suit, as administrator.
The other questions presented here by plaintiff have been considered, and no reversible error has been found.
For the reasons stated, the judgment appealed from should be and it is hereby
Affirmed.
TERRELL, Acting Chief Justice, and HOBSON and BUFORD, JJ., concur.
THOMAS, J., dissents and adhers to his original opinion. (See dissenting opinion post.)
THORNAL, J., dissents and concurs in original opinion of THOMAS, J. (See dissenting opinion post.)
*244 THOMAS, Justice (dissenting).
The appellant in the sole capacity of parent brought an action against the appellee for damages growing out of the death of her minor son in an automobile accident while he was a guest in a car driven by appellee.
The action was based squarely on Sec. 768.03, Florida Statutes 1951, and F.S.A., which expressly provides that when death of a minor child results from the wrongful act, negligence, carelessness or default of another, the father of the victim or, if the father be dead, the mother may maintain an action against the wrongdoer and recover for loss of services of the child and mental pain and suffering of the parent.
When analyzed this law is shown to have four characteristics, namely, (1) it is available only when the minor is killed, (2) it affords a remedy only to the parents, (3) but two elements of damage are involved, and (4) the recovery is limited to the damages suffered by the parents as such.
These features should be borne in mind as we attempt a solution of the principal point requiring our decision.
The ground for the pivotal point in this controversy was laid when the appellant alleged in the first count ordinary negligence, while in the second count she alleged gross negligence because of the provisions of Sec. 320.59, Florida Statutes 1951, and F.S.A. The court dismissed the first count because gross negligence was not alleged and the cause was tried on the second count and the pleas of general denial and contributory negligence. So the question emerges: Must a parent who sues under Sec. 768.03, supra, prove gross negligence if the minor is killed while a guest in a motorcar?
Before further approaching a solution of the immediate problem we will review, briefly, the statutes dealing with actions that survive the death of the person injured. Under Sec. 45.11, Florida Statutes 1951, and F.S.A., actions for personal injuries survive the injured party and may be maintained in the name of the personal representative or such other person as may be provided by law. Whenever death results from the wrongful act of another in such circumstances that the injured person could have sued had he not died, the person causing the death shall be liable, Sec. 768.01, Florida Statutes 1951, and F.S.A., and the action may be brought by the persons detailed in Sec. 768.02, Florida Statutes 1951, and F.S.A. In the laws just cited, the items of damage are not specified, but in the last of these it is stipulated that the person to whom the right of action passes may recover the damages to which he is entitled "irrespective of the damages recoverable by the person * * whom he * * * may succeed."
It will be noted that recovery under Sec. 768.01, supra, is dependent upon the condition that the circumstances would have permitted recovery by the person injured had he lived. No such restriction was imposed by the legislature on recovery under Sec. 768.03, supra. So, although the circumstances specified in Sec. 768.01 might embrace the restriction of Sec. 320.59, supra, with reference to proof of gross negligence, a point we do not need to discuss, we do not understand that the limitations of Sec. 320.59, supra, must be engrafted on Sec. 768.03, supra.
With this introduction, we come to the statutes immediately involved upon which the counts of the declaration were founded. The so-called "guest statute" simply provides that a guest, transported in an automobile without charge, shall have no "cause of action * * * against [his host] for injury, death or loss, in case of accident," unless the accident was caused by the host's gross negligence or willful and wanton misconduct.
It is conceded by appellant that gross negligence or willful and wanton misconduct must be proved by one suing under Secs. 45.11 and 768.01, supra, for death occurring *245 while one is carried free in a car. The question now is whether Sec. 320.59, supra, should be linked with Sec. 768.03, supra, so that the burden would be imposed on a parent, suing for the death of a minor child while a non-paying passenger in a car, of proving the higher degree of negligence. It is true that in Sec. 768.01, reference is made to the death of "any person" without discrimination as to age, but Sec. 768.03, supra, is much more specific in the particulars we have detailed.
The guest statute expressly provides that "No person transported * * * shall have a cause of action", against a host transporting him without charge unless the accident shall have been caused by gross negligence or willful and wanton misconduct of the host. If the guest is killed, then a suit may be brought by a survivor if the higher degree of negligence was the cause of death. In either case, it seems to us that the suitor is held to this burden on the theory that one who accepts a ride without compensating the operator should not recover on the same basis as one who pays for his transportation. Obviously the legislature established the distinction because of the host-guest relationship.
But we cannot reach the view that the reasons for the distinction are present where the guest is a minor and the action is brought by a parent for the minor's wrongful death. In the present case there was little difference between the age of the host and the guest, it is true, but we are not at liberty to decide the controversy on that ground even if we were inclined to do so. The statute deals with actions to recover damages for the death of minor children and it would be harsh to rule that a parent could not recover damages for anguish suffered for the death of his child unless he could prove gross negligence simply because the child was killed when riding in a car, while the parent could recover by proving ordinary negligence if the infant was struck by a car or wrongfully killed in some other manner. To illustrate the position, let us suppose that a babe in arms, incapable of accepting an invitation to ride as a guest, hence of consciously entering the host-guest relationship, were killed by ordinary negligence of the driver of a car, why should the parents be prevented from recovering.
As we construe this section, there could be no suit under it, if both parents predeceased the child, and no suit under it if the child was injured instead of killed. It was designed to cover a peculiar situation that we think the legislature did not intend to affect by the enactment of Sec. 320.59, supra.
We realize that we are giving a narrow construction to the two pertinent statutes as they relate to each other but we find authority for the position in our recent decision in Summersett v. Linkroum, Fla., 44 So.2d 662, 664: "The overwhelming weight of authority in this country is to the effect that, in the absence of statute, under the common law, a guest may recover for failure of the driver to use ordinary care. Since, therefore, Section 320.59 is a restriction on and in derogation of a common law right, such statute may be extended only so far as a strict construction of the language of the statute makes it imperative."
We are influenced in this view by the fact that the restriction found in Sec. 768.01, supra, is not present in Sec. 768.03, supra.
We conclude, on this point, that the judge erred when he dismissed the first count of the declaration and thereby held that the appellant was required to prove gross negligence.
The son of the appellant was riding in the appellee's car with another minor, a guest, who was also killed and whose father sued. The cases were consolidated for trial over the objection of appellant. The appellant concedes that the order was discretionary and she has failed to convince us that there was any abuse of that *246 discretion. Nor have we been shown that there were such repetitious charges to the jury that an injustice was done appellant.
The judgment should be reversed with directions to proceed to trial of the issues formed by count one of the declaration and the pleas.
THORNAL, J., concurs.