PER CURIAM.
The appellant, Budd, who was plaintiff below, seeks reversal of a final judgment entered pursuant to an order sustaining appellee’s motion to dismiss the third amended complaint.
The test of the action was whether or not the amended complaint alleged sufficient facts to constitute gross negligence under what is termed the “guest statute” — Section 320.59, Florida Statutes 1957, F.S.A. In part, the amended complaint alleged as follows:
“4. That at said time and place, the said private driveway intersected with a busy arterial highway, called the Orange Blossom Trail. Traffic travel *86 ing on said highway was required to travel in either the South or North hound lane, and an automobile entering said highway from said private driveway to travel in the North lane of traffic would be required to proceed into and through the South bound lane of traffic, and then turn his automobile in a Northerly direction to enter the North bound lane of traffic.
“5. That at said time and place the Defendant was guilty of gross negligence in the operation of said automobile in that he wilfully and wantonly from a stopped position in said private parking area, accelerated and drove the said automobile in an easterly direction through said private driveway at a high rate of speed, to-wit, approximately forty miles per hour with full knowledge that in so doing he was likely to lose control of his car, and run the same across and through the North bound lane of traffic into the East curbing and that he would endanger the life of himself as well as the Plaintiff riding in said automobile, thus without stopping, said Defendant approached said busy arterial highway, driving and passing through the South bound lane of traffic, at said high rate of speed, proceeded into and through the North bound lane of traffic and lost control of said automobile without turning in a Northerly direction, and said automobile continued in an uncontrolled Easterly direction and collided into and against the East curbing of the Orange Blossom Trail with such force and violence that the Plaintiff was thrown from the car and upon the ground, that there was no excuse or reason for him so to do, the highway at that time and place being a wide paved highway and that there were no automobiles coming from the South upon said highway and one automobile two blocks away coming from the North upon the aforesaid highway at such time hereinbefore alleged, and being one of the principal arteries of travel in the State of Florida.”
Whether or not the motion to dismiss should have been sustained, is primarily a question of applying the doctrine of gross negligence as is contained in the latest decisions from the Supreme Court.
In Orme v. Burr, 157 Fla. 378, 25 So.2d 870, 877, it is stated:
“ * * * All that £le jury could clearly have inferred from the physical facts was that the car was being driven by Crawford at an excessive rate of speed just before and at the-time of the accident, and counsel for appellant argues that ‘it is quite evident’’ that by reason of the excessive speed: Crawford was unable to turn the car on the curve and remain on the 16' feet roadway, and that this caused the collision with the tree. There was no-evidence as to whether or not the driver was familiar with the road or street he was travelling that night. He was within a block and a half of Commander Erickson’s home at the time of the accident, but whether he knew that or not the record does not disclose. Hi ijt »
Reasoning from the facts in Orme v. Burr, supra, when Caswell, the operator of the car of the defendant, proceeded on. the highway, known as Orange Blossom-. Trail, at 40 miles per hour, and the driveway was forty feet wide, he was bound to-know that in attempting to turn the car-in either direction, he was likely to lose-control of same. While speed alone does-not determine gross negligence, yet, the-driver of the car knew at what speed he-was going and that he was making the-turn on the highway and so, if in the Orme v. Burr case, the facts in that were such as to go- to a jury, the inevitable conclusion to which we must come is, in the instant case, that a jury should also pass on the-question of whether the operator of the: car was guilty of gross negligence.
*87 In addition to Orme v. Burr, supra, in Bridges v. Speer, Fla.1955, 79 So.2d 679, 682, the Court uses this language:
“ * * * This likelihood of injury to other persons is established sufficiently to show conduct more culpable than mere simple negligence where the defendant drives an automobile into a highway and into the path of oncoming traffic without first looking, Nelson v. McMillan, 1942, 151 Fla. 847, 10 So. 2d 565; Motes v. Crosby, Fla.1953, 65 So.2d 478; * * *”
Indeed, the facts in Faircloth v. Hill, Fla.1956, 85 So.2d 870, 873, .were not as decisive as are the facts in the instant case, there the judgment of the lower court, in sustaining the motion to dismiss, was reversed and stated the following facts:
“ * * * Under the allegations of this complaint the automobile of the defendant Hill was being driven at a speed of 70 miles per hour on a clear night, with unimpeded visibility, on a road that was straight for a distance of 1800 feet. The truck into which he collided was lighted with almost every type of warning light imaginable. It is alleged that the red lights were visible this entire distance. While it is true that flares had not been placed on the road, we do not consider that the absence of flares materially affects the obvious lack of care on the part of the automobile driver alleged in the complaint in this instance. * * * ”
As late as 1957, in the case of Farrey v. Bettendorf, Fla., 96 So.2d 889, 894, our Court said in part:
“The essence of the charge of gross negligence is that the minor Bettendorf operated said motor scooter ‘in violation of the laws of the City of Miami Beach at night when his light was dim in a dark and unlighted street at a speed in excess of the lawfully prescribed limit * * * and while driving at such excessive speed the minor John J. Bettendorf turned his head around and talked with the minor plaintiff thereby intentionally taking his eyes off the road and intentionally not looking where he was going.’ Whether the alleged course of conduct of the operator of the motor scooter constituted gross negligence is a close question. We are inclined to the view that the question is close enough to require a jury to settle the issue. * * * ”
While we recognize the fact that the decision in this case is necessarily close, we think that it is controlled by the language in the cases cited above, and that the case should be reversed.
Reversed.
KANNER, C. J., ALLEN, J., and THORNAL, A. J., concur.