127 So.2d 698 (1961)
Roger F. TOBIN, Appellant,
v.
Joseph S. GARRY and Irene E. Garry, his wife, Appellees.
No. 1924.
District Court of Appeal of Florida. Second District.
March 1, 1961.
Rehearing Denied March 23, 1961.
Gordon V. Frederick, Sanford, for appellant.
A. Edwin Shinholser, Sanford, for appellees.
STEPHENSON, GUNTER, Associate Judge.
This suit was originally brought by appellees in equity to terminate a lease and to enjoin the transfer of a liquor license. The defendant in his answer set forth certain counterclaims, which relate to alleged constructive eviction of the defendant by the plaintiff and to alleged failure by plaintiff to repair the roof and exterior wall of the premises as called for in the lease.
Plaintiffs' first motion for summary decree was denied. Later, upon stipulation that the defendant had applied for a transfer *699 of the liquor license to a different location, the trial court granted plaintiffs' subsequent motion for summary judgment.
The summary final decree determined that the defendant, Roger F. Tobin, had breached the lease and that same was terminated and cancelled and that the defendant, Roger F. Tobin, was enjoined from transferring the beverage license to any person other than plaintiffs. The summary final decree also provided that all issues in the cause relating to damages were transferred to the law side of the Court. No appeal was taken from this summary decree and it is not questioned on this appeal.
The cause was tried by a jury on the issues contained in defendant's counterclaims and plaintiffs' supplemental complaint. The defendant, Roger F. Tobin, appeals from an adverse final judgment entered pursuant to a jury verdict.
Following the instructions of the Court and their deliberation, the jury returned to the courtroom and the following colloquy took place between the Court, jury foreman, and counsel of the respective parties:
"The Court: Gentlemen of the Jury, have you arrived at a verdict?
"The Foreman: Yes sir.
"The Court: Let it be received by the Clerk."
Thereupon the foreman of the jury handed the Clerk two forms of verdicts, which were as follows:
"We, the Jury, find for the defendant, Roger F. Tobin, and against the plaintiff, Joseph S. Garry, as to Count Two of defendant's counterclaim, and assess his damages in the sum of $1,000.00. So say we all."
and also
"We, the Jury, find for the plaintiffs, Joseph S. Garry and Irene E. Garry. So say we all."
After the verdicts were read by the Court, the following was stated:
"The Court: You just can't do it this way. You can't find for the Plaintiff, and for the Defendant also, in the manner you have done it. I would suggest to you that you go back and deliberate further. If it is your will, you can sign this way, that is for the Defendant, but you cannot also sign for the Plaintiff. If you understand, you have got to find for one or the other.
"Mr. Shinholzer: The dogfall verdict 
"The Court: It is possible 
"Mr. Frederick: Would you explain all four forms of the verdict?
"The Court: You can find for the Plaintiffs, Mr. and Mrs. Garry, and you can assess damages for them, or you could sign for the Plaintiffs and find that they have no damages, but that you find in their favor. Or you can find for the Defendant, and if you find for the Defendant, you have to assess some damages to him, or you can find for the plaintiff on his claim against the Defendant and for the Defendant you can  strike that, the last thing you can do, you can find for the Plaintiff on the Defendant's claim, and for the Defendant, on the Plaintiff's claim against him. That is the one I said was a dogfall, that is, you determine not to give either one of them anything, and there is a form of verdict in there for it."
"Mr. Frederick: May I inquire if there is not one other explanation you may make to the jury? There are two separate and distinct loses, one brought by the Plaintiff against the Defendant, and one by the Plaintiff against the Defendant. Am I correct in the statement that the finding of one for 
"The Court: Right.
"Mr. Frederick: If you find for Mr. Tobin, you automatically find that Mr. Garry is, automatically say that he is not to recover, and also the other way *700 around. It is a coin, one side is up and the other side is down."
The appellant contends that the Court erred in refusing to receive from the jury the two forms of verdict. One verdict finding for the defendant and against one of the plaintiffs as to one of the counts of defendant's counterclaims, and assessing defendant's damages, and the other verdict finding generally for the plaintiffs.
The plaintiffs, or appellees, argue that not only were the two verdicts originally tendered repugnant and inconsistent and were properly rejected by the trial court, but that defendant's counsel expressly approved the Court's action as stated by Mr. Frederick, counsel for appellant:
"Mr. Frederick: If you find for Mr. Tobin, you automatically find that Mr. Garry is, automatically say that he is not to recover, and also the other way around. It is a coin, one side is up and the other side is down."
That a verdict must be consistent appears to be a principle not often squarely decided, at least not as far as civil actions are concerned, but rather one that has been generally assumed. 53 Am.Jur. Trial, sec. 1048. The validity of a verdict is a question for the Court and until it is received and recorded by the Court, it is still within the control of the jurors. See Nelson v. McMillan, 151 Fla. 847, 10 So.2d 565. It is clearly the right and duty of the Court before discharging the jurors to call their attention to a defective verdict and give them an opportunity to return a proper verdict. Rentz v. Live Oak Bank, 61 Fla. 403, 55 So. 856. When they are sent back to further or reconsider the matter, the case is still in their hands. They are not bound by their former action. They are at liberty to review the case and to bring in an entirely new verdict.
It is contended, and we think properly so, that in this case the claim of the plaintiffs and the counterclaims of the defendant constituted a single controversy between the parties, requiring only one verdict and one judgment. Even if this were not so, it is our opinion that the appellant's attorney not only failed to object to the Court's supplemental instructions, but in the presence of the jury, participated in and by his acts concurred in the Court's remarks to the jury and of its resubmission of the case. There is, therefore, no ground for appeal available to the appellant on the point of the Court's refusing to accept the two verdicts or on the Court's resubmission of the case to the jury.
The record as a whole shows that all of the other matters argued by the appellant are either without merit or fall within the purview of Sec. 54.23, Florida Statutes, F.S.A.
The judgment of the trial court is affirmed.
KANNER, Acting Chief Judge, and SHANNON, J., concur.