166 So.2d 468 (1964)
Answerl RICHARDSON, Appellant,
v.
Ruth SAMS, Appellee.
No. E-307.
District Court of Appeal of Florida. First District.
July 21, 1964.
*469 Andrew G. Pattillo, Jr., Ocala, for appellant.
W. Robert Smith and Mills & Miller, Ocala, for appellee.
CARROLL, DONALD K., Acting Chief Judge.
The defendant in an automobile negligence action under the Florida Guest Statute has appealed from a final judgment entered by the Circuit Court for Marion County, based upon a jury verdict for the plaintiff.
The basic question raised for our determination in this appeal is whether the plaintiff sufficiently alleged in her amended complaint and proved at the trial that the defendant was guilty of gross negligence, as required by the Guest Statute, in operating his automobile, proximately causing the plaintiff's injuries.
The Florida Guest Statute (Section 320.59, Florida Statutes, F.S.A.) reads as follows:
"No person transported by the owner or operator of a motor vehicle as his guest or passenger, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or willful and wanton misconduct of the owner or operator of such motor vehicle, and unless such gross negligence or willful and wanton misconduct was the proximate cause of the injury, death or loss for which the action is brought; provided, that the question or issue of negligence, gross negligence, and willful or wanton misconduct, and the question of proximate cause, and the issue or question of assumed risk, shall in all such cases be solely for the jury; provided that nothing in this section shall apply to school children or other students being transported to or *470 from schools or places of learning in this state."
Few statutes in the history of Florida have been the subject of so much litigation as has this Guest Statute, probably because of the impossibility of framing a definition of the statutory words "gross negligence" that would cover all of the numberless sets of facts involved in automobile collision cases. However, the most helpful definition, and the one which we will try to apply in the instant appeal, is the definition recognized by the Supreme Court of Florida in the recent case of Carraway v. Revell Motor Co., 116 So.2d 16 (1959), wherein that court reaffirmed the following rule from an earlier decision:
"`We think the rule which would more nearly solve the problem than any other would be one which recognized that simple negligence is that course of conduct which a reasonable and prudent man would know might possibly result in injury to persons or property whereas gross negligence is that course of conduct which a reasonable and prudent man would know would probably and most likely result in injury to persons or property. To put it another way, if the course of conduct is such that the likelihood of injury to other persons or property is known by the actor to be imminent or "clear and present" that negligence is gross, whereas other negligence would be simple negligence.'"
The plaintiff's amended complaint consists of four counts. In her first count she alleges that on the date in question she was a guest passenger in a 1953 Ford automobile owned and operated by the defendant, a resident of Marion County, who was driving his car in a southerly direction on a certain state road in Citrus County about 100 feet south of a county-line bridge dividing Marion and Citrus Counties; that the said road was a two-laned, paved, and well-travelled highway, having a width of not more than one line of traffic in each direction, and the road was straight and level for a distance of more than 500 feet in either direction from the place above referred to; that at the said time and place it was misting or drizzling rain and the pavement was wet and slippery; that a pick-up truck driven by one William Needham was proceeding in a northerly direction in its proper lane of traffic and at a legal rate of speed, prior to and at the time that the automobile driven by the defendant "suddenly and without any signal or warning, made a left-hand turn across said wet and slippery highway directly in front of the oncoming Needham pick-up truck" when the said truck was in such close proximity to the defendant's automobile that Needham could not, by the exercise of reasonable care, avoid the collision; that the defendant thereby proximately caused the truck to collide violently with his automobile in the easterly lane of the road, resulting in permanent personal injuries to the plaintiff; that at the said time and place the defendant "did carelessly and negligently and with conscious indifference for the safety of others, fail to even see or observe that the pick-up truck driven by the said William Needham was legally travelling in its proper lane of traffic * * * within the defendant's clear and unobstructed view and suddenly, and without any signal or warning" made the said left-hand turn in front of the oncoming truck; and that "as a direct and proximate result of the conscious indifference and gross negligence of the said defendant and the failure of the defendant to exercise slight care" the defendant caused the collision of the two vehicles.
In the second, third, and fourth counts of her amended complaint, the plaintiff reavers most of the allegations in her first count and adds further allegations concerning negligence. In her second count she adds an allegation that the defendant negligently failed to look whether the truck was approaching. In her third count she adds an allegation that the defendant knew or *471 should have known that his vision was so impaired that at times he could not see, as a result of which condition he negligently made the said left-hand turn into the path of the oncoming truck. In her fourth count the plaintiff added an allegation that at the said time and place the defendant negligently drove his automobile while its front windshield was so covered with fog that he could not see through it. In each of these three counts the plaintiff alleges that the defendant's act complained of was done "carelessly and negligently and with conscious indifference for the safety of others."
In our opinion, in each of the four counts of her amended complaint the plaintiff sufficiently alleges a cause of action for gross negligence under the Florida Guest Statute in accordance with the above-quoted definition of gross negligence recognized by our Supreme Court in Carraway v. Revell Motor Co., supra. Each count seems to us to meet the requirements of Rule 1.8 of the Florida Rules of Civil Procedure, 30 F.S.A., that a claim for relief, in order to be held sufficient, must state a cause of action, must contain allegations of fact sufficient to show the jurisdiction of the court, must "set forth a short and plain statement of the ultimate facts on which the pleader relies * * *," must inform the defendant of the nature of the cause against him, and must contain a demand for judgment or decree.
The trial court, therefore, properly denied the defendant's motion to dismiss the amended complaint, the ground of which motion was that the complaint failed to state a cause of action. The defendant then duly filed his answer to the said complaint and to each count thereof, denying "each and every allegation thereof." Later the court granted the defendant's motion for leave to amend his answer by adding as an affirmative and additional defense allegations of contributory negligence by the plaintiff.
The cause then proceeded to trial by jury upon the issues drawn by the amended complaint and the answer as amended. During the trial, however, at the close of the plaintiff's case, the defendant orally moved to amend his answer by adding thereto the defense of contributory negligence alleging that the plaintiff was guilty of contributory negligence barring her recovery in that she negligently called the defendant's attention "away from the road and/or bridge" over which his automobile was traveling to observe persons beside the road and bridge "by saying to the Defendant in substance, `Look at the people fishing'", meaning thereby to direct the defendant to divert his attention from said road and to look at persons fishing beside the road and bridge "when the plaintiff well knew" that the pick-up truck was coming in the opposite direction, and that her "said negligence proximately contributed to cause said accident. * * *" This motion was evidently made by the defendant pursuant to paragraph (b) of Rule 1.15 of the Florida Rules of Civil Procedure, providing for amendments of pleadings to conform with the evidence "upon motion of any party at any time, even after judgment or decree * * *."
The defendant's said motion to amend was denied by the trial court. At the close of the defendant's case, the defendant renewed his said motion to amend and the court made the same ruling, explaining its action by stating on the record: "First of all, I don't think there's anything in this evidence that shows contributory negligence on her part." The rulings of the trial court denying the defendant's motions to amend during the trial and refusing to submit to the jury the issues raised in the proposed amended defense are assigned as error by the appellant-defendant in this appeal.
The rule is well settled in this state that the defense of contributory negligence is available in automobile guest *472 passenger cases. Henley v. Carter, 63 So.2d 192 (Fla. 1953); 3 Fla.Jur., Automobiles, Sec. 171. The rule is equally well settled that a trial court's instructions to a jury must be based upon the evidence adduced at the trial under the issues drawn by the parties' pleadings. Atlantic Coast Line R. Co. v. Wallace, 61 Fla. 93, 54 So. 893 (1911); Charlotte Harbor & N. Ry. Co. v. Truette, 81 Fla. 152, 87 So. 427 (1921); Bashaw v. Dyke, 122 So.2d 507 (Fla.App. 1960); Wynne v. Adside, 163 So.2d 760 (Fla.App. 1964). A consequence of the latter rule is that an issue on which there is no or insufficient competent, substantial evidence adduced at the trial should not be submitted to the jury for determination.
Accordingly, we have carefully examined the testimony at the trial that might be deemed pertinent to the defendant's proposed defense that the plaintiff was guilty of contributory negligence in distracting the defendant by calling his attention to people fishing along the river bank. The plaintiff herself admitted that before the collision she said to the defendant, "Look Answerl, they're fishing over here." At that moment their car "wasn't quite to the bridge. * * *" She said nothing else to him before the collision took place. There is, however, not a word of testimony in the record to the effect that the defendant took his eyes from the road to look at the said fishermen, or that he was otherwise distracted or affected by her words. In fact, we think that the evidence concerning this incident is so indefinite as to the exact time it occurred and the other circumstances that no jury as reasonable men could lawfully conclude therefrom that the plaintiff's actions had any causal relation whatever to the collision.
The rule is too basic to require a citation of supporting authorities that a plaintiff's negligence, in order to bar his recovery in a negligence action, must proximately contribute to causing his injuries. We hold, therefore, that the trial court correctly denied the defendant's motions to amend and properly refused to submit to the jury the issue of the plaintiff's contributory negligence under the proposed defense.
Stated briefly, the testimony and the depositions presented at the trial showed the following to be the facts: It was raining on the day of the collision and the two-lane highway was slick. The defendant did not see the oncoming pick-up truck until it hit his car as he turned onto the opposite lane, leading to a river bank. The occupants of the truck observed the defendant's car at a distance before it moved into the truck's lane. The defendant testified that he gave both hand and mechanical signals of his intention to turn left, but the occupants of the truck denied that he gave any signals, and the plaintiff gave no testimony concerning signals. The plaintiff also testified that she saw the truck at a distance but did not testify as to whether the windshield was clear or befogged. There was a considerable amount of conflicting testimony as to whether the defendant's eyesight was sufficient for driving without glasses. No logical explanation was given by the defendant as to why he had not seen the pick-up truck until it hit his car  he just didn't see it until then. In his own words: "I never did see it until it hit me. I hadn't seen it at all until it hit me. * * * When she screamed, I looked and the glass was falling."
The foregoing summary of the evidence at the trial is necessarily sketchy, for that evidence was so marked by uncertainty and conflicting inferences that only a verbatim report of the entire testimony and depositions could accurately reflect such evidence with complete fairness to all parties.
In this state of the record the task of an appellate court in determining whether the evidence is legally sufficient to support the jury's finding that the defendant was guilty of gross negligence within the meaning of the Guest Statute, becomes a highly difficult, if not an impossible, undertaking. Under these circumstances our feeling and *473 attitude are perfectly expressed in the following language used by the Supreme Court of Florida in the very recent case of Webster v. Kemp, 164 So.2d 814 (Fla. 1964), involving the question of the jury's function in determining gross negligence under the Guest Statute:
"By the same token, the known defect absent the speed, would not necessarily constitute gross, as distinguished from simple, negligence. The combination of these factors, therefore, peculiarly present a problem for resolution by a jury as to whether they constitute gross negligence when measured by Carraway v. Revell standards. In reaching its conclusion the jury would have to decide whether the speed was grossly excessive in the light of the known defect which constituted the other component of proximate causation. In such a situation the jury function becomes particularly important under the Florida Guest Statute by which the Legislature has initially deposited the problem with the jury. Moreover, this Court itself has placed great stress upon the importance of jury participation under the statute. Section 320.59, supra; Carraway v. Revell [Motor Co.], Fla., 116 So.2d 16, p. 22."
Upon the same rationale, we think that in the case at bar the question was peculiarly for the determination by the jury, under the guidance of the court's instructions, as to whether the defendant's acts or omissions amounted to gross negligence under the Guest Statute. Since we find that the evidence at the trial was legally sufficient to support the jury's conclusion, neither the trial court nor this court is authorized to substitute its judgment for the jury's finding.
We have also considered the other points raised by the appellant in this appeal, and, the appellant having failed to demonstrate that any harmful error was committed, we hold those points to be without substantial merit.
For the foregoing reasons we hold that the trial court correctly entered the final judgment appealed from herein, so that judgment must be and it is
Affirmed.
RAWLS, J., and MASON, ERNEST E., Associate Judge, concur.