HORTON, Judge.
Plaintiff herein appeals a final judgment in a negligence action entered upon a jury verdict in favor of the defendant and seeks review of an order denying his motion for new trial.
Plaintiff has assigned as error instructions given by the court on contributory negligence[1] and on concurrent negligence,[2] the court’s permitting the jury to take into the jury room a mechanical jack which had never been introduced into evidence, and the court’s excluding from evidence plaintiff’s proposed statement alleged by plaintiff to be competent under the res gestae exception to the hearsay rule. We conclude that plaintiff’s contentions regarding the instructions and the use by the jury of the mechanical jack have merit and accordingly reverse and remand for new trial.
 Since contributory negligence and concurrent negligence were important triable issues, it became incumbent upon the *206 court to correctly charge the jury on the applicable law. It is well established law in Florida that only where the negligence of a plaintiff proximately contributes to his own injury will such negligence preclude a recovery. Nelson v. Ziegler, Fla. 1956, 89 So.2d 780. We deem it unnecessary to reiterate the legal distinctions between “cause” in the lay sense and “proximate cause” in the legal sense. Suffice it to say that when instructing a jury on contributory and/or concurrent negligence the court should avoid using misleading language. The instructions previously referred to are, in our view, misleading and erroneous as they do not with sufficient clarity indicate that the alleged contributory negligence or concurrent negligence must have proximately contributed to the injury.
In view of the foregoing, we deem it unnecessary to consider the appellant’s other contentions.
Reversed and remanded.

. “Now, gentlemen, if you should find that the employees of the plaintiff were negligent and that their negligence contributed to the causing of the accident, then their negligence would he imputed to the plaintiff and would bar his recovery.”

. “Further, should you find that the plaintiff’s employees and the defendant were both negligent and that their concurrent negligence caused the injury to the plaintiff, then the plaintiff could not recover, because his employees’ negligence would be imputed to him.”