WHITE, Judge.
Plaintiff appeals a summary final judgment for the defendant in a guest statute [1] case. In granting the motion the court found as a matter of law that the actions of the defendant did not amount to gross negligence, citing Webster v. Kemp, Fla.App.1963, 156 So.2d 669; Godwin v. Ringley, Fla.App.1961, 126 So.2d 163 and Carraway v. Revell Motor Co., Fla.1959, 116 *478 So.2d 16. Since the rendition of the summary judgment the Supreme Court of Florida has quashed the District Court decision in the Webster case, supra. Webster v. Kemp, Fla.1964, 164 So.2d 814.
The question of course is whether the affidavits, depositions and pleadings collectively raised a genuine issue of material fact as to whether the actions of the defendant constituted gross negligence. The plaintiff complained in substance that the defendant was grossly negligent in driving against the right of way into a heavily travelled highway resulting in a vehicle collision with consequent injury to the guest plaintiff. The record indicates that plaintiff and the defendant had left the parking area in a shopping center and as they approached the exit the defendant stopped her vehicle for a while at the exit. The defendant then pulled out to turn left on U. S. 1. The highway is divided and has four lanes at the point of the collision. The defendant had to cross the two northbound lanes in order to turn left into the southbound lanes. Plaintiff stated that the approaching car involved in the collision was about 6 car lengths away when the defendant pulled out. The speed limit on U. S. 1 at that point was 45 mph and the indicated speed of the oncoming car was from 35 to 60 miles per hour. There was neither stop sign nor signal control where the defendant entered the highway. The defendant’s version on deposition was that after the heavy traffic passed she saw two cars coming down the highway. One turned off and she thought the other vehicle was far enough away for her to cross safely. The record indicates that after making her primary move the defendant did not thereafter take note of the position of the approaching vehicle. She said this was due to the angle of the sun. These, however, are circumstances that pose genuine and. material factual issues.
In Nelson v. McMillan, 1942, 151 Fla. 847, 10 So.2d 565 the defendant slowed down as he approached an arterial highway which he knéw to be heavily travelled, but he attempted to cross in the face of oncoming traffic. There was a conflict as to whether or not the defendant looked for oncoming traffic but the court noted that he slowed down for the passing of a truck before entering the intersection.[2] The opinion states:
“ * * * The circumstances indicate that defendant failed to exercise due and reasonable care to look north on the highway before and after entering the intersection when he had his car under control upon entering the intersection to cross the forty-foot highway. The defendant knew of the crossing, and the passing of the truck as defendant’s car approached the highway should have increased his care rather than permitting his attention to he diverted as it appears he did at a time when the safety of human lives depended on the exercise by him of all the care and diligence reasonably required by law under the conditions and immediate demands of the occasion.” (emphasis added)
In Richardson v. Sams, Fla.App. 1964, 166 So.2d 468, the defendant was hit by an oncoming truck when he suddenly and without any signal or warning made a left hand turn across slippery pavement during a drizzling rain while his front windshield was so covered with fog that his visibility was impaired. The injured passenger charged that the defendant failed to exercise slight care when he negligently and with conscious indifference for the safety of others failed to see the oncoming truck. The case was submitted to the jury and verdict was rendered for the guest. The First District Court of Appeal held that the question was peculiarly for the deter *479 mination of the jury under the guidance of proper instructions as to whether or not the acts or omissions of the defendant amounted to gross negligence under the guest statute.
Summary judgment is not a substitute for trial. Forston v. Atlantic Engineering & Mfg. Corp., Fla.App. 1962, 143 So.2d 364, 368. Therefore the party moving for summary judgment has the burden of showing from the pleadings, depositions and affidavits that there exists no genuine issue of material fact and that he is entitled to summary judgment as a matter of law. In Harrison v. McCourtney, Fla.App.1962, 148 So.2d 53, 55, the rule was very aptly stated by Chief Judge Smith:
“We review the entry of the summary judgment in the light of the well-established principles of law that summary judgment is a drastic remedy to be granted only where the movant is entitled to judgment as a matter of law; that if there is an issue of fact, and the slightest doubt remains, summary judgment should not be granted; that the record supporting summary judgment is closely scrutinized and all inferences of fact from the proofs must be drawn against the movant; and that the court should indulge all proper inferences in favor of the party against whom summary judgment was entered.”
See also Nance v. Ball, Fla.App.1961, 134 So.2d 35, 37 stating in pertinent part:
“Some cases are clearly disposable by summary judgment. There are also marginal cases posing colorable issues which the trial court may consider so weakly supported as to indicate the futility of a full hearing on the merits. In such a case, where adherence to the rule of caution results in a denial of summary judgment, the court may feel that there has been an unjustified extension of fruitless litigation. Our own experience attests an occasional impulse to amputate at once rather than face the prospect of surgery by painful stages, but herein lies the occasional margin of error.
“The trial court may be convinced that a doubtful or marginal case would be practically unprovable, and most frequently that could be the net result. We do not apprehend, however, that the denial of summary judgment in such cases would likely result in ultimate miscarriage of justice. There are other stages along the procedural panorama where the court may terminate a case or control its direction, viz., (1) on motion for directed verdict at the conclusion of plaintiff’s case, (2) on motion for directed verdict at the conclusion of all the evidence, (3) on motion for a new trial, and (4) on motion for judgment notwithstanding the verdict. There remains also the possibility that further proceedings might bring out added factors which could change the complexion of the case.”
Recent guest statute cases buttress the view that where the line of liability vel non is finely drawn the question of whether the asserted negligence of the operator of a motor vehicle is ordinary or gross should be submitted to the jury under appropriate instructions. Foy v. Fleming, Fla.App.1964, 168 So.2d 177; Richardson v. Sams, supra. See also Webster v. Kemp, Fla.1964, 164 So.2d 814.
In the case at hand the trial court held in effect that the summary proceedings reflected absence of gross negligence as a matter of law. As indicated, we are not in accord with that holding. Viewing the situation in the light of the law enunciated in the foregoing decisions, we conclude that the case should not have been decided summarily.
Reversed and remanded.
SMITH, C. J., and ANDERSON, ALLEN C., Associate Judge, concur.

. Fla.Stat. § 320.59, F.S.A.

. For eases where the defendant entered a highway without first looking, see Budd v. Caswell, Fla.App.1958, 100 So.2d 85; Farrey v. Bettendorf, Fla.1957, 96 So.2d 889, 894; Motes v. Crosby, Fla.1953, 65 So.2d 478. In those cases the court viewed the question close enough to be submitted to the jury.