NATHAN, RAYMOND G., Associate Judge.
Appellant, plaintiff, filed its suit against ■defendant, appellee, for damages as a result •of personal injury growing out of an automobile accident. Appellee answered the ■complaint and asserted, in addition to other ■defenses, an affirmative defense of contributory negligence. The trial resulted •in a jury verdict and final judgment for appellee. At the charge conference, appel-lee properly requested a charge to the jury ■on contributory negligence. Appellant agreed to the requested charge only if the words “to an appreciable degree” were used in connection with such charge. The court did not include such words in the charge and appellant assigns this as error. The court in its charge stated “In this state, one who contributes, through a negligent act — an act or omission — proximately causing or contributes to causing his own injury or damage cannot recover damages in an action for damages”.
The substance of the charge on contributory negligence is that recovery is precluded only when the negligent acts on the part of the plaintiff form a direct and proximate causal relation to the injury. See Walker v. Sparkling Pools, Inc., Fla.App. 1965, 171 So.2d 205; Richardson v. Sams, Fla.App.1964, 166 So.2d 468.
The trial court in its charge properly defined proximate cause and negligence. It appears from review of the entire charge that the jury was not misled as to the effect of the law.
Accordingly, the final judgment appealed from is affirmed.