JOHNSON, Judge.
This is an appeal from a final judgment based upon a jury verdict in an automobile accident case.
The judgment was based upon the following verdict:
“We, the Jury, find both the plaintiffs and defendants negligent. So say we all.”
The above quoted verdict was one of three forms of verdicts which the trial court submitted to the jury. One form provided for a finding in favor of the plaintiff and fixing damages. One form provided for finding the defendants not guilty. The third form is the one quoted supra.
The defense counsel objected to the submission of the third form of verdict, and while the cited objections may not have been sufficient upon which the trial court could sustain the same, the objection was *307 sufficent to call to the trial court’s attention the fact that said form of verdict was objectionable, thereby directing the court’s closer attention to the wording thereof. The trial court should have seen that this third form of verdict, regardless of any other objection thereto, did not state a correct application of law. This being what we determine to be a fundamental error, empowering this court to act, we proceed to express our findings and determination in this cause.
The trial court gave the instructions as to the burden of proof being on the plaintiff to “prove that the negligence of Janet Marie Hansen directly and proximately caused their alleged injuries.” Also, he properly instructed the jury that “ * * * the burden is further upon the defendants to show that the negligence called contributory negligence of the driver of the motorcycle. directly and proximately contributed or brought about the plaintiffs injuries.” (Emphasis supplied.)
The appellants’ prime contention of error is twofold: one being that the verdict was a special verdict and as such did not meet the minimum requirements of custom and practice, and the other being that by submitting the third verdict form, the court was overly emphasizing the doctrine of contributory negligence.
Judgement was entered in favor of the defendants, based upon the above quoted verdict.
In order for the court to enter judgment on said verdict, based upon the court’s own instructions to the jury as to the law of contributory negligence, the court must necessarily have assumed that the jury had not only found the plaintiff negligent, but had also found that such negligence of the plaintiff, the driver of the motorcycle, “directly and proximately contributed or brought about the plaintiff’s injuries.”
The Third District Court of Appeal of Florida, has correctly stated the law in its decision in Walker v. Sparkling Pools, Inc., 171 So.2d 205, wherein the court said:
“ * * * It is well established law in Florida that only where the negligence of a plaintiff proximately contributes to his own injury will such negligence preclude a recovery * * * ” (Emphasis added.)
So we see that the mere finding of the plaintiff’s negligence does not in and of itself preclude recovery.
We cannot find any law which authorizes the trial court to make any such assumption. The verdict must be the complete result of the jury’s deliberation and the court cannot look beyond the findings of fact contained in the verdict to any other fact, although apparent in the record, or proved by the evidence. This is so, although circumstances may be sufficient to warrant an assumption. The court is confined to the facts found.[1]
We distinguish this case from the Isenberg case[2] in that a timely objection was made to the verdict, and further by the fact that the appellant in the Isenberg case did not raise the question of the court having to assume what the jury meant as in this case. The Isenberg case was reversed, nevertheless, and remanded for a new trial, so that the error in the form of the verdict became ultimately harmless in said case.
We do not attribute much merit to the appellants’ contention of overemphasizing contributory negligence, but inasmuch as this case should be reversed and remanded for a new trial for the reasons stated supra, we make no further comment on this point.
The judgment appealed from is reversed and remanded for a new trial.
CARROLL, DONALD K., Acting C. J., and RAWLS, J., concur.

. 53 Am.Jur., Trial, § 1078, p. 747.

. Isenberg v. Ortona Park Recreational Center, Inc. (Fla.App.1st, 1964), 160 So.2d 132, 133.