CARROLL, DONALD K., Acting Chief Judge
(dissenting).
I must dissent from the majority opinion and judgment for the following reasons:
No rule is more firmly established in the trial of causes at law in this state than that a trial court must charge the jury concerning the law applicable to the cause, basing its instructions “upon the evidence adduced at the trial under the issues drawn by the parties’ pleadings.” See Atlantic Coast Line R. Co. v. Wallace, 61 Fla. 93, 54 So. 893 (1911), Charlotte Harbor & N. Ry. Co. v. Truette, 81 Fla. 152, 87 So. 427 (1921), Bashaw v. Dyke, 122 So.2d 507 (Fla.App.1960), Wynne v. Adside, 163 So.2d 760 (Fla.App.1964), and Richardson v. Sams, 166 So.2d 468 (Fla.App.1964).
One of the most vital issues for the determination of the jury in the case at bar was whether the defendant’s automobile at, or just prior to, the time of the collision was being negligently driven at a rate of speed in excess of the statutory speed limit.
Sec. 317.221(2) (a) (1), Florida Statutes, provides that the maximum speed limit for motor vehicles on the highway except those “a part of the national system of interstate and defense highways” shall be “Thirty (30) miles per hour in business or residence districts.” The terms “business district” and “residence district” are defined in Sec. 317.011, Florida Statutes. The only exception recognized by the statutes as to the said speed limit is in Sec. 317.241(1), which provides that, when the state road department shall determine, upon the basis of an engineering and traffic-. investigation, that the said speed limit is greater or less than is reasonable or safe under the conditions, the department “may determine and declare a reasonable and safe speed limit thereat which shall be effective when appropriate signs giving notice thereof are erected at such intersection or other place or part of the highway.”
At the trial the plaintiff asked the trial court to give the jury two requested instructions, one quoting the contents of Sec. 317.221(2) (a) (1), Florida Statutes, and the other the definitions of residence and business districts in Sec. 317.011. In the former requested instruction, after quoting Sec. 317.221(2) (a) (1), the following sentence was added: “The violation of this *335 statute, if any you find, is prima facie evidence of negligence.”
This just-quoted sentence reflects the rule established in this state that the violation of a statute designed to protect life, limb, or property is prima facie evidence of negligence. See our decisions in Williams v. Youngblood, 152 So.2d 530 (Fla.App.1963) and Anchor Hocking Glass Corp. v. Allen, 161 So.2d 853 (Fla.App.1964).
In my opinion, there was ample evidence to support a finding by the jury that the collision in question occurred in a business or residence district within the definitions of those terms in Sec. 317.011. If the jury so found, the statutory speed limit was 30 miles an hour under Sec. 317.221(2) (a) (1) unless the jury found that the highway was part of the national system of interstate and national defense highways.
If the jury could find from the evidence that the highway was a part of the national system of interstate and national defense highways, the court should have charged them concerning the speed limits on such highways as provided by Sec. 317.221(2) (b).
There was ample evidence at the trial from which the jury could reasonably conclude that the defendant’s car was traveling far in excess of 30 miles an hour at the time of the collision — a fact virtually admitted by the appellee in his testimony and brief.
While a patrolman testified to a higher speed limit than that established by Sec. 317.221(2) (a) (1), there is not a word of testimony by anyone to the effect that the State Road Department had increased the statutory speed limit in accordance with the provisions of Sec. 317.241 (1).
As I view the evidence adduced at the trial under the issues drawn by the parties’ pleadings, it was a question of fact for the determination of the jury under proper instructions from the trial court as to the applicable law. One of the highest duties of a 'trial court is thus to advise the jury concerning the law applicable to the case, in order that a jury’s findings may be in conformity with the law. Without such- instructions a jury may be virtually “left in the dark” as to the law they are sworn to uphold.
It is my view, therefore, that the trial court committed reversible error in refusing to give the plaintiff’s said requested instructions in order that the jury might be informed concerning the applicable law so that their findings of fact may conform therewith. I would reverse the final judgment appealed from and remand with directions for a new trial in which the necessary jury instructions would be given.