KANNER, Chief Judge.
The trial judge determined that the allegations of the appellant’s second amended complaint were insufficient to create an issuable fact of “gross negligence” under the “guest statute”. Appellant announced that he did not desire to further amend his complaint; as a consequence the court entered final judgment for ap-pellee. The appeal is from that judgment.
The guest statute is applicable where the rider is the guest receiving his carriage gratuitously. One who is, therefore, a non-paying guest or passenger has a cause of action against the owner or operator of the automobile for injury, death, or loss only in case of accident which was proximately caused by the gross negligence or willful and wanton misconduct of the owner or operator of the automobile. Section 320.59, Florida Statutes, F.S.A.
The sole question is whether the allegations of the second amended complaint state a cause of action within the purview of the guest statute. For the purpose of the motion to dismiss, the allegations well pleaded are admitted to be true and present questions of law as to their legal sufficiency.
Condensed, it appears that the accident occurred at about 6 :25 p. m., August 1, 1957, at or about 2910 North Orange Avenue, in a business district of the City of Orlando; at the time it was raining heavily and the asphalt-content street was very slippery and dangerous; the brakes of appellee’s automobile were defective and insecure; the rain had caused the windshield of appellee’s automobile to become fogged inside so that visibility was poor; and also at the time a truck of the Royal Crown-Nehi Bottling Company, Inc., was lawfully parked in a parking space at or near 2910 North Orange Avenue. Appellee’s automobile was being- operated in a manner and at a speed contrary to city ordinances in that appellee drove her automobile for a distance of 1,200 feet at a speed of more than 40 miles per hour over into the middle of the center lane of Orange Avenue and out of the southbound lane into a portion of the northbound lane, passing one automobile; she then proceeded down the middle of the center lane for approximately 286 feet, then veered sharply to the right and proceeded in a southwesterly direction without slackening speed, drove off that portion of the street used for the traveling public into that portion of the street reserved for parallel parking, in an attempt to pass to the right of another automobile proceeding in the same direction. As a result the right front portion of ap-pellee’s automobile collided with the left rear portion of the Royal Crown truck lawfully parked in a space reserved for parking.
It is alleged that there were in force and effect certain ordinances which regulated the operation and traffic of motor vehicles upon the streets of the City of Orlando. Portions of the ordinances were quoted. One provision required that the driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left at a safe distance and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle. Another provision required that no vehicle shall be driven to the left side of the center of the roadway in overtaking and passing another *851 vehicle proceeding in the same direction, unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle overtaken. The overtaking vehicle must return to the right-hand side of the roadway before coming within 100 feet of any vehicle approaching from the opposite direction. Another provided that speed in excess of 20 miles per hour in any business district shall be prima facie evidence that the speed is not reasonable or prudent and is unlawful. Another provided that speed shall be reduced as necessary when a special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions.
The circumstances of each case are the determining factors whether the operator of an automobile is guilty of gross negligence or wanton and willful misconduct as contemplated by the guest statute. Every act of commission or omission which concerns the accident must be considered and the course of conduct complained of must be of such character that the operator of the automobile would or should have known that it would place others in danger of injury. Dexter v. Green, Fla. 1951, 55 So.2d 548; and Koger v. Hollahan, 1940, 144 Fla. 779, 193 So. 685, 131 A.L.R. 886.
There have been numerous guest statute cases. It is not necessary to delineate the factual situations of these as they bear upon the instant case. Recently this court sustained the sufficiency of a complaint which in effect alleged that the driver accelerated the automobile from a stop position west of an arterial highway, striking the east curb of a two lane highway after driving 'in an easterly direction through the driveway of a private parking area at a speed of 40 miles per hour without stopping for the arterial highway. Budd v. Caswell, Fla.App.1958, 100 So.2d 85. In this case there were cited several of the principal guest statute cases rendered by the Supreme Court of Florida, as Orme v. Burr, 1946, 157 Fla. 378, 25 So.2d 870; Bridges v. Speer, Fla.1955, 79 So.2d 679; Nelson v. McMillan, 1942, 151 Fla. 847, 10 So.2d 565; Motes v. Crosby, Fla.1953, 65 So.2d 478; Faircloth v. Hill, Fla.1956, 85 So.2d 870; and Farrey v. Bettendorf, Fla.1957, 96 So.2d 889. From a study of these cases as they compare to the instant one and as measured by the standard pronounced by these cases, we arrive at the conclusion that the trial judge erred.
The judgment of the court below is hereby reversed and the cause is remanded for further proceedings not inconsistent with this opinion.
Reversed.
ALLEN and SHANNON, JJ., concur.