HORTON, Judge.
Appellant-plaintiff seeks review of a final order dismissing with prejudice his second amended complaint in a negligence action.
*150 Plaintiff, a guest passenger, was injured when an automobile owned by defendant Clum and driven by defendant Fahrenkopf collided with the rear end of a vehicle stopped at an intersection stop light. He brought this action seeking to recover damages. Plaintiff’s second amended complaint was dismissed on the ground it failed to state a cause of action, and, specifically, failed to allege sufficient facts to constitute gross negligence within the purview of the Florida guest statute, § 320.59, Fla.Stat, F.S.A.
The second amended complaint alleged in substance that defendant Fahrenkopf operated the vehicle in question at an excessive rate of speed wholly inconsistent with care and caution at a time when the streets had become inundated and immersed in water due to a torrential downpour of rain exceeding six inches. It further alleged that the brakes on the vehicle had become wet and wholly inoperative and that defendant Fahrenkopf had full knowledge and appreciation of the situation and its dangers.
The sole question before us is whether the allegations of the second amended complaint are sufficient to state a cause of action under the Florida guest statute, § 320.59, supra. For the purpose of the motion to dismiss, the allegations well pleaded are admitted to be true and present questions of law as to their legal sufficiency.
The guest statute is applicable where the passenger is a guest receiving his carriage gratuitously. One who comes within its purview has a cause of action against the owner and/or operator of the automobile for injury, death or loss only in case of accident which was proximately caused by the gross negligence or willful and wanton misconduct of the owner and/or operator. Section 320.59, supra. As pointed out in Hall v. Hughey, Fla.App.1958, 104 So.2d 849, 851:
“The circumstances of each case are the determining factors whether the operator of an automobile is guilty of gross negligence or wanton and willful misconduct as contemplated by the guest statute. Every act of commission or omission which concerns the accident must be considered and the course of conduct complained of must be of such character that the operator of the automobile would or should have known that it would place others in danger of injury.”
See also Dexter v. Green, Fla.1951, 55 So.2d 548; Koger v. Hollahan, 144 Fla. 779, 198 So. 685, 131 A.L.R. 886. In making such a determination, if it appears that the question of whether or not the complaint states a cause of action under § 320.59, supra, is a close one on which honest men could differ, the case should be submitted to a jury. Thompson v. Bennett, Fla.1947, 42 So.2d 583.
There have been numerous guest statute cases dealing with various fact situations [1] in which Florida courts have been called upon to decide whether a course of action constitutes gross negligence. We have examined these cases and conclude that in the instant case the alleged conduct of the defendant Fahren-kopf, if proved, might be construed by a jury under proper instructions as gross negligence. The plaintiff has alleg'ed a cause of action. Whether he will be able to prove his allegations is a question for the judge and jury.
Accordingly, the judgment appealed is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.

. See Carraway v. Revell, Fla.1959, 116 So.2d 16; Hall v. Hughey, supra; Budd v. Caswell, Fla.App.1958, 100 So.2d 85; Faircloth v. Hill, Fla.1956, 85 So.2d 870; Bridges v. Speer, Fla.1955, 79 So.2d 679; Motes v. Crosby, Fla.1953, 65 So.2d 478; Orme v. Burr, 157 Fla. 378, 25 So.2d 870; Nelson v. McMillan, 151 Fla. 847, 10 So.2d 565.