254 So.2d 569 (1971)
Samuel Michael TUZ et al., Appellants,
v.
Alvira M. BURMEISTER, Appellee.
Nos. N-419, N-397.
District Court of Appeal of Florida, First District.
November 16, 1971.
Rehearing Denied December 14, 1971.
*570 Harrell, Wiltshire, Bozeman, Clark & Stone, and Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for appellants.
Holsberry, Emmanuel, Sheppard, Mitchell & Condon, Pensacola, for appellee.
JOHNSON, Judge.
This is an appeal by the defendants below from a final judgment entered pursuant to a jury verdict in a suit brought by appellee to recover damages for the wrongful death of her husband. Although the appellants have assigned as grounds for reversal a number of errors allegedly committed by the trial court, we find it necessary to discuss only those points which challenge the sufficiency of the evidence to support the verdict upon which the judgment is based.
The evidence adduced at the trial of this cause reveals the following material facts. On the night of March 14, 1969, the deceased was a guest passenger in appellant Samuel Tuz's car. Said car turned off Interstate 10 at Avalon Boulevard and proceeded north. Avalon Boulevard deadends at its intersection with Del Monte Avenue and a ninety degree turn to the west is necessary. There were signs indicating the curve and the fact that the road was under construction. Appellant Chadbourne, Inc., was under contract to resurface the road. On the night in question, said Chadbourne, Inc., had a piece of road grading equipment parked about 54 feet north of the edge of the pavement beyond the intersection and on the dead-end street. The roadgrader's left wheels were in weeds, beyond which was a ditch and an embankment, and its right wheels were on some broken asphalt. The Tuz vehicle was traveling north, failed to negotiate the necessary ninety degree turn to the left, traveled into the dead-end street, then veered to the left and struck Chadbourne's roadgrader, resulting in the death of the appellee's husband.
Appellee filed suit against Tuz, Chadbourne, Inc., and their respective insurance carriers seeking damages for the wrongful death of her husband. After various motions for directed verdicts were denied, the jury returned a verdict against all appellants in the amount of $126,000.00, and a final judgment was entered pursuant thereto. Separate appeals were filed by the appellants but the cases have been consolidated herein.
Both Chadbourne, Inc. and Tuz contend on appeal that there was not sufficient evidence of negligence on their parts which was the legal or proximate cause of the decedent's death to warrant submitting the case to the jury.
Specifically, appellant Tuz and his insurance carrier contend that a verdict should have been directed in their favor inasmuch as gross negligence on Tuz's part was not demonstrated. It is correctly pointed out that in order to constitute gross negligence in guest statute cases, there must be a composite of circumstances which constitute an imminent or clear and present danger amounting to more than the usual highway peril, a showing of awareness of this imminent danger and an act which evinces a conscious disregard of consequences. Glaab v. Caudill, 236 So.2d 180 (Fla.App. 2nd, 1970).
However, it is clear from the case law and the guest statute itself (F.S.A. § 320.59) that whether or not a composite situation evidences gross negligence is a jury question. This is subject, of course, to an initial determination by the trial judge that sufficient evidence of gross negligence exists to allow for consideration by the jury. Cormier v. Williams, 148 *571 Fla. 201, 4 So.2d 525 (1941); Hodges v. Helm, 222 So.2d 418 (Fla. 1969). In doubtful cases where the evidence is close, and honest men could differ as to the conclusion to be reached, the question of whether the driver's negligence was ordinary or gross is one which should be submitted to the jury under appropriate instructions. Lockridge v. Dial, 208 So.2d 662 (Fla.App. 4th, 1968); Martin v. Clum, 142 So.2d 149 (Fla.App. 3rd, 1962); Carraway v. Revell, 116 So.2d 16 (Fla. 1959).
We are of the opinion that the evidence adduced during the trial of this cause with regard to the speed in which the Tuz vehicle was traveling at nighttime, the condition of the roads in question, and the road signs indicating the necessary turn was sufficient to demonstrate gross negligence on the part of the driver Tuz. As stated in Hall v. Hughey, 104 So.2d 849, 851 (Fla.App. 2nd, 1958):
"The circumstances of each case are the determining factors whether the operator of an automobile is guilty of gross negligence or wanton and willful misconduct as contemplated by the guest statute. Every act of commission or omission which concerns the accident must be considered and the course of conduct complained of must be of such character that the operator of the automobile would or should have known that it would place others in danger of injury. Dexter v. Green, Fla. 1951, 55 So.2d 548; and Koger v. Hollahan, 1940, 144 Fla. 779, 198 So. 685, 131 A.L.R. 886."
Even if it can be said that the evidence was close as to the degree of negligence exhibited by Tuz, the issue was properly submitted to the jury and this Court will not interfere or substitute its judgment for that of the jurors when there is substantial, competent evidence in support thereof. We therefore hold that the trial judge did not err in refusing to direct a verdict in favor of Tuz and that there was substantial evidence to sustain the jury's verdict as to Tuz and his insurance carrier.
A different situation presents itself with respect to appellant Chadbourne, Inc. and its insurance carrier. As noted above, the road grading equipment was parked some 54 feet from the intersection and was partially on the pavement of the dead-end street and partially off the pavement. There was no reason to anticipate that anyone would drive in the manner that Tuz did. Even though Tuz ignored the directional signs and failed to negotiate the necessary turn, had he continued north or straight, the Tuz vehicle would not have struck the roadgrader. Had the roadgrader been parked completely off the pavement, it still would have been struck by the Tuz vehicle under the circumstances of this case. And, serious injury or death would have resulted even had the grader not been where it was because of the terrain, a ditch and an embankment.
It is well-established law that in order for one to be liable for the negligent injury or death of another, it must be shown that such negligence was the proximate cause of the injury or death. In the present cause, even if it could be said that Chadbourne, Inc. was negligent in parking its heavy equipment upon the edge of a dead-end street, under the circumstances as shown by the evidence, it appears without dispute that the negligence, if any, was not the proximate cause of the decedent's death. There can be no recovery for an injury or death which was not a reasonably foreseeable consequence of the defendant's negligence. Pope v. Pinkerton-Hays Lumber Co., 120 So.2d 227 (Fla.App. 1st, 1960), cert. den. 127 So.2d 441 (Fla. 1961).
Here, the evidence amply demonstrates that the independent efficient cause of the death of appellee's husband was the act of Tuz in operating his automobile in the manner as hereinabove set out. We therefore hold that the trial court erred in denying appellant Chadbourne's motions for a directed verdict. As a matter of law, appellant Chadbourne could not have been expected to anticipate, by prudent human foresight, that the death of the decedent *572 would probably have occurred as a result of parking the roadgrading equipment on the edge of a dead-end street. See 23 Fla. Jur., "Negligence," §§ 31 and 32; General Telephone Company of Florida, Inc. v. Mahr, 153 So.2d 13 (Fla.App. 2nd, 1963).
We have carefully considered the remaining points of error alleged by the appellants and find them to be substantially without merit.
The judgment is accordingly affirmed in part with respect to Tuz and Allstate Insurance Co. and reversed in part, and the cause is remanded with directions that judgment be entered in favor of appellant Chadbourne, Inc. and Liberty Mutual Insurance Company.
Affirmed in part and reversed in part.
SPECTOR, C.J., and WIGGINTON, J., concur.