290 So.2d 547 (1974)
Samuel M. TUZ, Appellant,
v.
EDWARD M. CHADBOURNE, INC., a Florida Corporation, Appellee.
No. R-233.
District Court of Appeal of Florida, First District.
February 14, 1974.
R.P. Warfield, Levin, Warfield, Graff, Mabie & Rosenbloum, Pensacola, for appellant.
Robert P. Gaines, Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for appellee.
JOHNSON, Judge.
Appellant seeks reversal of a final summary judgment entered in favor of appellee *548 upon the ground of estoppel by judgment.
The present cause of action arose in March of 1969 when appellant's automobile collided with a caterpillar road grader which was parked on the edge of a dead-end street and which was owned and maintained by appellee. As a result of the collision, appellant was injured and his guest passenger, Mr. Burmeister, was killed. In a prior suit, Mr. Burmeister's widow brought an action against both appellant and appellee herein to recover damages for the wrongful death of her husband. The jury returned a verdict against both defendants therein in the amount of $126,000.00 and judgment was entered pursuant thereto. Those defendants appealed to this Court. This Court affirmed the finding of gross negligence as to appellant Tuz, but reversed that part of the judgment finding appellant Chadbourne liable for damages. It was found that, as a matter of law, appellant Chadbourne was not guilty of negligence that was a proximate cause of the collision. Tuz v. Burmeister, 254 So.2d 569 (Fla.App.1st, 1971). Specifically, in that case this Court held that there was no reason for Chadbourne to anticipate that anyone would drive in the manner which Tuz drove and that serious injury or death would have resulted even had the road grading equipment not been where it was. In conclusion, this Court stated:
"Here, the evidence amply demonstrates that the independent efficient cause of the death of appellee's husband was the act of Tuz in operating his automobile in the manner as hereinabove set out. We therefore hold that the trial court erred in denying appellant Chadbourne's motions for a directed verdict. As a matter of law, appellant Chadbourne could not have been expected to anticipate, by prudent human foresight, that the death of the decedent would probably have occurred as a result of parking the roadgrading equipment on the edge of a dead-end street." 254 So.2d 569, 570.
The present suit was instituted by appellant Tuz against appellee Chadbourne and sought money damages for personal injuries received by Tuz as a result of the collision. It was alleged that Chadbourne was negligent in leaving the road grader unlighted and unattended and in failing to erect barricades and provide adequate warnings for dangerous conditions on the roadway. Appellee later moved for a summary judgment in its favor alleging estoppel by judgment as grounds therefor. The trial court entered its final summary judgment in favor of appellee herein finding that Tuz was estopped by the judgment enter in the Burmeister case, supra. This appeal by Tuz results.
Estoppel by judgment precludes the parties from litigating in a second suit issues which were actually adjudicated in a previous suit, even though the causes of action be different. Hohweiler v. Hohweiler, 167 So.2d 73 (Fla.App.2nd, 1964). Stated another way, those matters actually litigated and determined in the initial action are foreclosed from further litigation. Gordon v. Gordon, 59 So.2d 40 (Fla. 1952).
With these principles in mind, it is obvious that the trial court did not err in granting appellee's motion for summary judgment based upon the theory of estoppel by judgment. Here, the issue involved in the present suit instituted by Tuz is whether appellee Chadbourne was guilty of negligence that was a proximate cause of the accident which injured Tuz. This point or question was fully and finally determined in the prior Burmeister suit. It was strenuously contended in that prior suit that Tuz was not guilty of gross negligence and that the cause of the collision was the negligence of Chadbourne. The ultimate outcome of that prior case was, as noted above, that Tuz was guilty of gross negligence that was an independent, legal cause of the collision while Chadbourne was not guilty of any negligence that was a legal or proximate cause of the collision. The issue of the negligence of appellee *549 Chadbourne having been litigated and determined in the prior case, it cannot now be litigated again. Appellant Tuz is estopped by the judgment in the prior case and the summary judgment entered in favor of appellee is affirmed.
RAWLS, C.J., and SMITH, LARRY G., Associate Judge, concur.