310 So.2d 8 (1975)
Samuel M. TUZ, Petitioner,
v.
EDWARD M. CHADBOURNE, INC., a Florida Corporation, Respondent.
No. 45216.
Supreme Court of Florida.
February 12, 1975.
Rehearing Denied April 17, 1975.
*9 R.P. Warfield of Levin, Warfield, Middlebrooks, Graff, Mabie, Rosenbloum & Magie, Pensacola, for petitioner.
Robert P. Gaines of Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for respondent.
COE, HARRY LEE, III, Circuit Judge:
This cause arose in March of 1969 when petitioner's automobile collided with a caterpillar road grader which was parked on the edge of a dead-end street which was owned and maintained by respondent. As a result of the collision, petitioner was injured, and his guest passenger, Burmeister, was killed. In the trial court, Burmeister's widow brought an action against both petitioner and respondent to recover damages for the wrongful death of Burmeister. The jury returned a verdict against both defendants in the trial court. Both defendants appealed to the First District Court of Appeal, Tuz v. Burmeister, 254 So.2d 569 (Fla.App. 1st 1971). The First District affirmed the finding of gross negligence as to petitioner Tuz, but reversed that part of the verdict finding respondent Chadbourne liable for damages. It found, as a matter of law, respondent Chadbourne was not guilty of negligence that was a proximate cause of the collision. The First District further held that there was no reason for Chadbourne to anticipate that anyone would drive in the manner that Tuz drove and that serious injury or death would have resulted even had the road grading equipment not been where it was.
Subsequent to Burmeister's widow's action against petitioner and respondent, petitioner Tuz instituted a suit against respondent Chadbourne seeking money damages for personal injuries received by Tuz as a result of the collision. It was alleged by Tuz that Chadbourne was negligent in leaving the road grader unlighted and unattended and failing to erect barricades and provide adequate warnings for dangerous conditions on the roadway. Respondent Chadbourne moved for summary judgment alleging estoppel by judgment as grounds therefor. The trial court enters its final summary judgment in favor of respondent *10 Chadbourne finding that Tuz was estopped by the judgment entered in the Tuz v. Burmeister case. Tuz appealed the judgment to the First District which in turn affirmed the trial court ruling. Tuz v. Edward M. Chadbourne, Inc., 290 So.2d 547 (Fla.App. 1st 1974). Petitioner Tuz sought a writ of certiorari in this Court alleging that the instant case was in direct conflict with the decision of this Court in the case of Youngblood v. Taylor, 89 So.2d 503 (Fla. 1956). This Court granted tentative certiorari.
In Youngblood, Marvin Youngblood, the son of appellant Youngblood, while riding his bicycle was struck by a motor car driven by appellee Taylor. Initially, appellant brought suit as father and next friend of his minor son for his son's injuries which action resulted in judgment for the defendant, appellee. The father then brought an action on his own behalf for damages which he sustained from his son's injuries.
This Court determined that the parties for the first suit were not the same as the parties for the second suit in view of the fact that the first action was brought by the father on behalf of the son as a next friend and this Court stated that a next friend is not a party to an action but rather an officer of the court specially appearing to look after the interests of the minor whom he represents.
In Tuz, the petitioner Tuz was a party to the original suit filed in the trial court, while in Youngblood the appellant was not a party to the original suit filed in the trial court. In Youngblood this Court specifically held that the parties were not identical and the First District properly held in the case of Tuz that the parties were identical.
The cases cited by petitioner are factually distinguishable. Therefore we find no conflict and consequently have no jurisdiction. Even though we are without jurisdiction, this Court's position regarding this important question should be discussed.
In Gordon v. Gordon, 59 So.2d 40 (Fla. 1952), we stated that in estoppel by judgment two causes of action might be different and the judgment or decree in the first would only estop the "parties from litigating in the second suit issues  that is to say points and questions  common to both causes of action and which were actually adjudicated in the prior litigation." 59 So.2d at 44. The instant suit is just such a situation.
The First District correctly held that the issue of respondent Chadbourne's negligence, having been litigated and determined in a prior case, not be litigated again, that the doctrine of estoppel by judgment operated to preclude petitioner Tuz from doing so.
Nothing we have said in this decision alters our stated opinion in Youngblood which follows:
"To illustrate, if two persons wholly unrelated are passengers in a motorcar that becomes involved in an accident, only one set of circumstances arises as a basis for recovery. But it does not follow that there is but one cause of action for each of the injured persons has the right to sue and the action of one is not determined by the adjudication of the action of the other."
We should add to the above taken from Youngblood, "so long as the person was not a party to an earlier action that involved points and questions common to both causes of action and which were actually adjudicated."
Accordingly, the writ of certiorari was improvidently issued and is therefore
Discharged.
*11 ADKINS, C.J., and ROBERTS, BOYD, McCAIN and OVERTON, JJ., concur.
ERVIN (Retired), J., dissents with opinion.
ERVIN, Justice (dissenting):
This is a case where a rule of law is misapplied to collaterally estop a plaintiff from going before a jury to have determined factually if an alleged tort-feasor is liable for the accident resulting in plaintiff's injuries, because in another case in which plaintiff and the alleged tort-feasor were defendants the latter was exonerated as the negligent causer of the accident as a matter of law at the appellate level.
It is unnecessary to restate the factual situation of the case appearing in this Court's majority opinion, except as noted herein.
Tuz was defendant in the original litigation instituted by Mrs. Burmeister where she alleged gross negligence of Tuz, the driver of the automobile involved in the accident resulting in the death of Mrs. Burmeister's husband, a guest passenger, which also alleged negligence on the part of Chadbourne, the other defendant and owner of the road grader also involved in the collision.
When Tuz sued Chadbourne after disposition of the Burmeister case in which Chadbourne was exonerated as a matter of law by the District Court, he claimed his day in court and right to prove Chadbourne was primarily the negligent party causing the accident. Instead of allowing Tuz to go forward in his suit and attempt to prove factually his case against Chadbourne, the courts below applied to Tuz the District Court's judgment arrived at in Mrs. Burmeister's suit that Chadbourne as a matter of law was not liable for her husband's wrongful death.
This appears to be an erroneous application of law. Tuz did not litigate Chadbourne by cross-claim or otherwise in the Burmeister suit. Merely because the District Court reached the legal conclusion that Chadbourne was not liable in Mrs. Burmeister's suit for her husband's death should not conclude Tuz's remedy against Chadbourne or Tuz's access to the courts when he decided to sue Chadbourne for his injuries.
It appears to me there is entirely too much judge-made law in this case where essential factual issues stand unresolved that should be decided by triers of fact and not by estoppel or res adjudicata which is developed from denial of a nonidentical claim in another case. Here we are not involved with a general rule of law; instead, the courts are applying a factual finding of law made by them which was arrived at in a controversy between two parties other than Tuz.
It may be Tuz would be unable to prove his case against Chadbourne, but he ought to be allowed a jury trial  not stopped at threshold by a matter of law finding of the District Court in Mrs. Burmeister's suit against Chadbourne.
It appears to me that the District Court decision in the instant case conflicts with the rationale of Youngblood v. Taylor (Fla. 1956) 89 So.2d 503, wherein it was said:
"For each of the injured persons [in an automobile accident] the action of one is not determined by the adjudication of the action of the other." Text 505.
This quoted statement disavowing the mixing of parties litigant and their rights in one case with different parties litigant and their disparate rights in another case to work estoppel has modern support in the Restatement, Judgments, Section 82 (1942), to the effect a judgment in one action does not conclude parties thereto who are not adversaries as to their rights under their pleadings therein from further litigation between themselves. The overwhelming weight of authority appears in accord. *12 See Lowery Muse (D.C.Mun.App. 1959) 151 A.2d 263.
For aught that we or the lower courts know at this point, the case Tuz might make may be quite different and stronger than the one Mrs. Burmeister made against Chadbourne. His evidence may be much stronger  of greater probative weight than Mrs. Burmeister's. His witnesses may be different from hers. In any event, he is entitled to his traditional due process opportunity to demonstrate, if he can that the District Court's findings as a matter of law as to Chadbourne's liability in Mrs. Burmeister's case is not decisive of his case. Cf. Ball v. Yates (1946), 158 Fla. 521, 29 So.2d 729; 2 Fla.Jur., Appeals, § 401, page 801.