317 So.2d 786 (1975)
MANCHESTER INSURANCE AND INDEMNITY COMPANY, a Foreign Corporation, Appellant,
v.
Valley JONES, Appellee.
No. 74-1474.
District Court of Appeal of Florida, Third District.
July 8, 1975.
Rehearing Denied August 29, 1975.
Petersen, McGowan & Feder, Miami, and Abraham S. Shukat, Miami Beach, for appellant.
Ser & Keyfetz, Miami, and Mark Poses, South Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and NATHAN, JJ.
NATHAN, Judge.
Manchester Insurance & Indemnity Company, defendant in the trial court, appeals from a final judgment entered pursuant to a jury verdict in favor of Vailey Jones, plaintiff, in his declaratory judgment action for a determination of rights under an insurance policy. Manchester's agent, William Manker, was originally a defendant, but the trial court dismissed him from the cause. Manker appeals from the order dismissing him.
*787 A jury trial was held. The jury returned a verdict in favor of Jones against Manchester, finding, in effect, that at the time of his accident, Jones was covered by Manchester with uninsured motorist coverage. The court entered a final judgment on the jury verdict, in which it provided that pursuant to stipulation of counsel, the matter shall proceed to arbitration in the manner set out in Jones' insurance policy.
On appeal, Manchester contends that the judgment should be reversed. As its first point, Manchester argues that the testimony of Jones and his wife was so incredible that no verdict could be based thereon, and that the court should have directed a verdict in favor of Manchester because the manifest weight of the evidence was in its favor. Manchester's second point on appeal is that it is immaterial whether Jones' written rejection of uninsured motorist coverage was executed before or after the accident.
We find that sufficient evidence was presented from which a jury could find for the plaintiff, Jones, against Manchester. Therefore, the trial judge did not err in entering judgment on the verdict and in failing to direct a verdict for Manchester. Garcia v. Lujando, Fla.App. 1971, 253 So.2d 725; Tuz v. Burmeister, Fla.App. 1971, 254 So.2d 569, 571.
Manchester's second contention is without merit. The applicable statute, § 627.727, Fla. Stat., specifically provides that an insured is covered with uninsured motorist protection unless such protection has been rejected. The record reflects that Jones made a deposit for automobile insurance on May 5, 1970; he was involved in an accident on May 14, 1970, and he allegedly signed a rejection of uninsured motorist coverage on May 22, 1970, while in the hospital. In view of the fact that the rejection of uninsured motorist coverage was signed after the accident, it cannot be said that such rejection was effective at the time that Jones paid the deposit on the insurance policy or at the time of the accident. Manchester would have us act on the assumption that it was Jones' intent ab initio not to have uninsured motorist coverage due to this rejection of such coverage in writing after the accident, in spite of the evidence presented that Jones did not understand what he was signing, which the jury apparently believed.
Manker appeals on the ground that the court abused its discretion in dismissing him from the case prior to trial pursuant to his motion since he was Manchester's agent and, therefore, only Manchester could be liable. Prior to trial, Manchester and Manker stipulated to a severance of Manchester's claim against Manker. There was no error in dismissing Manker as he did not meet his burden to show that he was prejudiced by such dismissal. A party cannot complain of a favorable order of dismissal from the court unless he can show that he was prejudiced thereby. Witt v. Baars, 1895, 36 Fla. 119, 18 So. 330.
Therefore, for the reasons stated and upon the authorities cited, the final judgment and the order of dismissal herein appealed are affirmed.
Affirmed.