COURT OF CHANCERY
OF THE
STATE OF DELAWARE

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

November 7, 2022

Stephen C. Norman, Esquire
Matthew F. Davis, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
Wilmington, DE 19801

Matthew D. Perri, Esquire
Robert L. Burns, Esquire
Richards Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19801

RE:   *ITG Brands, LLC v. Reynolds American, Inc., et al.*
       C.A. No. 2017-0129-LWW

Dear Counsel:

This Letter Opinion resolves ITG Brands, LLC's Motion for Reconsideration (the "Motion") pursuant to Court of Chancery Rule 59(f). The Motion raises arguments that were previously considered in the September 30, 2022 Memorandum Opinion (the "Summary Judgment Opinion") or new arguments that are waived. The Motion is denied for the reasons that follow.

## I.    BACKGROUND

The facts of this case are described in several prior decisions of the court, including the Summary Judgment Opinion.[1]  In that decision, I granted summary

---

[1] Dkt. 328 ("Mem. Op.").  Capitalized terms in this Letter Opinion have the definitions set forth in the Summary Judgment Opinion.

judgment in support of Reynolds American Inc. and R.J. Reynolds Tobacco Company's argument that a "Florida Judgment Liability" imposed on Reynolds is an "Assumed Liability" under § 2.01(c)(iv) of the parties' Asset Purchase Agreement. As a result, I held that Reynolds is entitled to indemnification from ITG under § 11.02(a)(vi) of the APA.

My holding turned, in part, on a determination that this court was not bound by a Florida state court decision interpreting § 2.01(c)(vii) of the APA.[2] After reviewing supplemental briefing by the parties, I concluded that the matter of issue preclusion was governed by Florida law.[3] Four of the five elements of issue preclusion were satisfied but the fifth—mutuality of the parties—was not because Reynolds and ITG were not adverse in the Florida litigation.[4]

ITG has now moved for reconsideration on three grounds. ITG argues that the court erred by: (1) determining that Florida issue preclusion law requires adversity;[5] (2) finding Reynolds and ITG were not adverse;[6] and (3) overlooking a

---

[2] *See id.* at Section II.A.

[3] *Id.* at 23.

[4] *Id.* at 26-29.

[5] ITG Brands, LLC's Mot. Recons. (Dkt. 329) ¶¶ 3-6.

[6] *Id.* ¶¶ 7-17.

Delaware choice of law provision in the APA.[7]  Reynolds filed an opposition to the Motion, contending that none of these arguments support reconsideration or would change the outcome in the Summary Judgment Opinion.[8]

## II.    ANALYSIS

"The manifest purpose of all Rule 59 motions is to afford the Trial Court an opportunity to correct errors prior to appeal."[9]   The movant bears a "heavy burden."[10]  It must demonstrate "the Court has overlooked a decision or principle of law that would have controlling effect or the Court has misapprehended the law or the facts so that the outcome of the decision would be affected."[11]  "[A] motion for reargument is 'not a mechanism for litigants to relitigate claims already considered by the court,' or to raise new arguments that they failed to present in a timely way."[12]

---

[7] *Id.* ¶¶ 18-22.

[8] Defs.' Opp'n to ITG Brands LLC's Mot. Recons. (Dkt. 332).

[9] *Ramon v. Ramon*, 963 A.2d 128, 136 (Del. 2008) (quoting *Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 (Del. 1969)).

[10] *In re ML/EQ Real Est. P'ship Litig.*, 2000 WL 364188, at *1 (Del. Ch. Mar. 22, 2000).

[11] *Mainiero v. Microbyx Corp.*, 699 A.2d 320, 321 (Del. Ch. 1996) (quoting *Stein v. Orloff*, 985 WL 21136, at *2 (Del. Ch. Sept. 26, 1985)).

[12] *Sunrise Ventures, LLC v. Rehoboth Canal Ventures, LLC*, 2010 WL 975581, *1 (Del. Ch. Mar. 4, 2010) (citation omitted), *aff'd*, 7 A.3d 485 (Del. 2010); *see Brace Indus.*

ITG's arguments do not meet this standard.

## A.    Whether Florida Law Requires Adversity

First, ITG once again asks me to interpret the Florida Supreme Court's decision in *Tuz v. Edward M. Chadbourne, Inc.* as holding that issue preclusion applies when the parties were not adverse in a prior proceeding.[13]  This contention cannot provide grounds for reconsideration.  ITG "merely rehashes arguments already made . . . and considered by the court."[14]

Moreover, I did not misapprehend the law in rejecting the reading of *Tuz* that ITG asks me to adopt.  The court in *Tuz* held that it lacked jurisdiction and dismissed a writ of certiorari as "improvidently issued."[15]  As explained in the Summary Judgment Opinion, any statements beyond that were dicta.[16]

---

*Contr., Inc. v. Peterson Enters., Inc.*, 2018 WL 3360584, at *1 (Del. Ch. July 10, 2018) (quoting *ML/EQ Real Est.*, 2000 WL 364188, at *1).

[13] 310 So. 2d 8, 10 (Fla. 1975).

[14] *Wong v. USES Hldg. Corp.*, 2016 WL 1436594, at *1 (Del. Ch. Apr. 5, 2016).

[15] *Tuz*, 310 So. 2d at 10.

[16] Mem. Op. at 28 (citing *Cont'l Assur. Co. v. Carroll*, 485 So. 2d 406, 408 (Fla. 1986)); *see generally Myers v. Atl. Coast Line R. Co.*, 112 So. 2d 263, 267 (Fla. 1959) ("The other two aspects [of the Florida Supreme Court's decision] were merely ancillary and nonessential gratuitous statements designed to show why there was no abuse and, as such, were obiter dicta and not a part of the 'law of the case.'"); *Bunn v. Bunn,* 311 So. 2d 387, 389 (Fla. Dist. Ct. App. 1975) ("Having made the threshold determination that it lacked certiorari jurisdiction to review the merits of the case, the views subsequently expressed on the substantive issue of law involved . . . were necessarily obiter dicta.").

Even so, ITG argues that *Tuz* is "persuasive" and should be given weight because Florida's highest court expressly considered an "important question."[17] The question considered by the court in *Tuz*, however, had nothing to do with adversity.[18]

No Florida court since *Tuz* has interpreted that decision as eliminating Florida's adversity requirement—or otherwise suggested that adversity is unnecessary for issue preclusion to apply. To the contrary, multiple post-*Tuz* Florida District Court of Appeals decisions have held that adversity is necessary.[19] The Florida Supreme Court has also more recently stated that issue preclusion

---

[17] *Cont'l Assur.*, 485 So. 2d at 408.

[18] The court in *Tuz* was considering whether a lower court's finding that parties were identical conflicted with a prior Florida Supreme Court decision (*Youngblood v. Taylor*). The principle articulated in *Youngblood* was: "To illustrate, if two persons wholly unrelated are passengers in a motorcar that becomes involved in an accident, only one set of circumstances arises as a basis for recovery. But it does not follow that there is but one cause of action for each of the injured persons has the right to sue and the action of one is not determined by the adjudication of the action of the other." *Youngblood v. Taylor*, 89 So. 2d 503, 505 (Fla. 1956). The court in *Tuz* reiterated that holding and explained: "We should add to the above taken from *Youngblood*, 'so long as the person was not a party to an earlier action that involved points and questions common to both causes of action and which were actually adjudicated.'" *Tuz*, 310 So. 2d at 10.

[19] Mem. Op. at 30 n.127 (citing cases).

requires a matter to "have previously been decided *between*" the parties to the later dispute.[20]

ITG's argument is therefore rejected, again.

## B.     Whether ITG and Reynolds Were Adverse

ITG next asserts that the adversity requirement has been met.  According to ITG, although it and Reynolds Tobacco were co-defendants in the Florida litigation, they were adversaries on the question of ITG's obligations for the Florida settlement pursuant to the APA.

ITG's argument is waived.  "A party may not present a new argument for the first time in a motion for reargument."[21]  ITG failed to raise this position in its summary judgment briefs or its supplemental briefs on Florida issue preclusion law.[22]  For example, ITG's reply to Reynolds' supplemental brief focused solely on the adversity element but never argued that ITG and Reynolds Tobacco were adverse in the Florida litigation.[23]

---

[20] *Mobil Oil Corp. v. Shevin*, 354 So. 2d 372, 374 (Fla. 1977) (emphasis added) (quoted in Mem. Op. at 28-29).

[21] *inTEAM Assocs., LLC v. Heartland Payment Sys., Inc.*, 2016 WL 6819734, at *2 (Del. Ch. Nov. 18, 2016).

[22] *See* Dkts. 224, 249, 256, 281, 291.

[23] At most, ITG made an oblique reference to this issue in its reply to the defendants' supplemental brief.  It wrote: "Even assuming that Reynolds and ITG could properly be

In any event, a review of the record demonstrates that the Summary Judgment Opinion correctly held ITG and Reynolds Tobacco were not adversaries in Florida on the matter of "whether ITG assumed Liabilities under the Florida Settlement Agreement pursuant to § 2.01(c)(vii) of the APA."[24] ITG and Reynolds Tobacco were aligned as co-defendants on that issue.[25] Both "dispute[d] Florida's argument that § 2.01(c) of the APA created an assumption of liability by ITG for payments under the Florida Settlement Agreement."[26]

## C.  Whether Delaware Law Governs

Finally, ITG argues that Delaware—not Florida—issue preclusion law applies due to a Delaware choice of law provision in the APA. Section 12.12(a) of

---

termed non-adverse, despite the claims against Reynolds pending in this Court since February 2017, adversity is not among the five factors the Florida Supreme Court requires for issue preclusion." ITG Brands, LLC's Reply to Defs.' Suppl. Br. (Dkt. 291) 1-2. This cursory statement failed to squarely present the issue. *See In re Mobilactive Media, LLC*, 2013 WL 297950, at *12 n.152 (Del. Ch. Jan. 25, 2013) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (quoting *Roca v. E.I. duPont de Nemours & Co., Inc.*, 842 A.2d 1238, 1243 n.12 (Del. 2004))); *AB Stable VIII LLC v. Maps Hotels & Resorts One LLC*, 2020 WL 7024929, at *78 (Del. Ch. Nov. 30, 2020) ("A court need not address arguments that are presented in such a cursory and elliptical manner."), *aff'd*, 268 A.3d 198 (Del. 2021).

[24] Mem. Op. at 24.

[25] *Id.* at 27.

[26] *Id.* at 26; *see also id.* at 12 ("Reynolds Tobacco and ITG opposed the motions [in Florida].").

the APA requires the application of Delaware law in "all respects" to "any . . . disputes arising out of or related" to the APA or the purchase of the Acquired Brands, "without reference to any conflict of Law rules that might lead to the application of the Laws of any other jurisdiction."[27]  If Delaware law applied, ITG asserts that a different result on issue preclusion would be reached because Delaware lacks an adversity requirement.

ITG waived this argument.  Its prior submissions "did not mention this provision or make this argument at any time prior to the motion for reargument."[28] In fact, it took the opposition position.  ITG unequivocally stated in its supplemental brief on issue preclusion that "Florida law governs."[29]

To the extent any further analysis is necessary, the argument fails.  The Delaware Supreme Court has stated it is "settled law" and a "control[ling] principle" that Delaware courts give "the same effect" to a foreign judgment as the foreign court "itself would accord such a judgment."[30]  It has rejected an approach that "would result in Delaware giving the judgments of a sister state greater

---

[27] APA § 12.12(a).

[28] *See inTEAM Assocs.*, 2016 WL 6819734, at *2.

[29] ITG Brands, LLC's Suppl. Submission (Dkt. 281) 2.

[30] *Columbia Cas. Co. v. Playtex FP, Inc.*, 584 A.2d 1214, 1217 (Del. 1991).

preclusive effect than they would have in the rendering jurisdiction."[31]  ITG would have me flout this binding precedent without support for the application of a choice of law provision to a question of issue preclusion.

## III.   CONCLUSION

Most of ITG's arguments are deemed waived.  None demonstrates that the court misapprehended the law or facts in applying Florida issue preclusion law. For the foregoing reasons, ITG's Motion is denied.

Sincerely yours,

*/s/ Lori W. Will*

Lori W. Will
Vice Chancellor

---

[31] *Id.* at 1218.